**Paul G. CHESSHER, Petitioner,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Respondent.**

No. C–2367.

Supreme Court of Texas.

Oct. 5, 1983.

Rehearing Denied Nov. 9, 1983.

Wheat & Rickard, Robert W. Rickard, Houston, for petitioner.

Fulbright & Jaworski, Roger Townsend, Houston, for respondent.

PER CURIAM.

Paul G. Chessher instituted this suit against Southwestern Bell Telephone Company seeking damages for breach of employment contract, wrongful discharge, fraud, and misrepresentation. Summary judgment was rendered in favor of Southwestern Bell on the basis of the Statute of Frauds, Tex.Bus. & Comm.Code Ann. art. 26.01(b)(6) (1977), and the court of appeals affirmed in an unpublished opinion. Tex.R. Civ.P. 452. We reverse the judgments of the courts below and remand the cause to the trial court.

The record discloses that the sole ground upon which Southwestern Bell sought summary judgment was the Statute of Frauds; no defense was raised as to the tort allegations set forth in Chessher's petition. The trial court's judgment, however, disposed of all four of Chessher's causes of action. The court of appeals concluded that Chessher had waived his tort claims by failing to raise them in his response to the motion for summary judgment. In so holding, the court committed reversible error.

It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. In *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979), we wrote, "The movant . . . must establish his entitlement to a summary judgment on the issues *expressly presented* to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." (emphasis added).

Because Southwestern Bell moved for summary judgment on only one of Chessher's four causes of action, the court of appeals' affirmation of this judgment was improper as to the other causes of action alleged by Chessher. *Griffin v. Rowden*, 654 S.W.2d 435 (Tex.1983); *Puga v. Donna Fruit Co., Inc.*, 634 S.W.2d 677 (Tex. 1982); *Missouri-Kan.-Tex. R.R. Co. v. City of Dallas*, 623 S.W.2d 296 (Tex.1981).

Pursuant to Tex.R.Civ.P. 483, the application for writ of error is granted, and without hearing oral argument, the judgments of the courts below are reversed and the cause is remanded to the trial court.