Victoria Pargas MORENO, Appellant,

v.

Rodolfo Flores ALEJANDRO, Jr., Appellee.

No. 04–88–00575–CV.

Court of Appeals of Texas, San Antonio.

July 12, 1989.

Rehearing Denied Aug. 30, 1989.

Eugene M. Chavez, Law Office of Eugene M. Chavez, San Antonio, for appellant.

Jo Chris G. Lopez, Shaddox, Compere, Gorham & Good, San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a summary judgment. Appellant, who is the former wife of appellee, sued him for partition of the proceeds from a lawsuit against H.E. Butt Company and Century Security, wherein the husband was one of several recovering plaintiffs. Appellant maintains the proceeds are community property which were not divided in the divorce judgment. At the time appellant obtained the default divorce judgment in 1985 the lawsuit was pending. Subsequently the suit was settled, and appellee's recovery consisted of $478,000.00. The default divorce judgment contains these words which refer to that lawsuit:

IT IS DECREED that the property of the parties be and is hereby awarded to the party having possession of such property including an undivided one-half (½) interest in and to the Petitioner and Respondent's Cause of Action against H.E.B. currently pending in the District Court of Zavala County, Texas in which Respondent is one of multiple plaintiffs. (Cause no. 6904 Marcos Rangel, et al v. H.E. Butt Grocery Co. & Century Security).

The history of this case reveals that appellant first sued to enforce the provision set out above. However, the trial court refused to enforce it, finding the provision to be unenforceable. Appellant's attempted appeal from that order was aborted and the appeal dismissed when she failed to file a transcript. Appellant thereafter filed the present suit for partition of the proceeds. The trial court granted summary judgment in favor of appellee.

Appellee based his motion for summary judgment on two grounds: 1) The divorce decree purported to divide the asset, and any attempt to re-litigate the division of the asset is an impermissible collateral attack upon the judgment which is *res judicata*. 2) Appellee's recovery of proceeds consists only of damages which must be considered his separate property; therefore, appellant would not be entitled to a portion in any event.

A defendant who moves for summary judgment has the burden to show as a matter of law that no material issue of fact exists as to the plaintiff's cause of action and movant is entitled to judgment as a matter of law. *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex.1983); *See Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 592–93 (Tex.1975). The question on appeal is not whether the summary judgment proof raises a fact issue, but whether the summary judgment proof establishes as a matter of law that there is no genuine fact issue as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex. 1970); *See Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975). TEX.R. CIV.P. 166a(c) provides that the motion for summary judgment shall state the specific grounds therefor. Further, "[t]he judgment sought shall be rendered forthwith ... and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response." *City of Houston v. Clear Creek Basin Authority,*

589 S.W.2d 671, 677 (1979). Both the reasons for summary judgment and the objections to it must be in writing and before the trial judge at the hearing. *Id.*

The summary judgment does not specify the basis for the ruling. We will consider first the claim that all the award is appellee's separate property. The petition in the lawsuit filed by appellee and other plaintiffs asserted the following damages:

Plaintiffs have suffered separate and distinct damages proximately caused by defendants' acts and omissions. These damages to plaintiffs include impairment to their character, reputation and standing in the community in the past and in all reasonable probability plaintiffs will continue to suffer said impairment to their character, reputation and standing in the community in the future. Plaintiffs have suffered mental anguish and suffering in the past and in all probability will continue to suffer mental anguish and suffering in the future. Plaintiffs have suffered personal humiliation in the past and in all probability will continue to suffer personal humiliation in the future. Plaintiffs have suffered psychological impairment in the past and in all probability will continue to suffer psychological impairment in the future. Plaintiffs have suffered emotional distress in the past and will in reasonable probability suffer emotional distress in the future. Plaintiffs incurred reasonable and necessary medical expenses in the past and in reasonable probability will incur medical expenses in the future. All of these damages to plaintiffs are in an amount in excess of the minimal jurisdictional limits of this court.

The damages as asserted are, in the main, personal injury damages. Recovery for personal injuries sustained during marriage is separate property. *Perez v. Perez,* 587 S.W.2d 671, 673 (Tex.1979). Damages for mental pain and anguish are separate property. *Johnson v. Holly Farms of Texas, Inc.,* 731 S.W.2d 641, 646 (Tex.App.— Amarillo 1987, no writ). But recovery for medical expenses incurred during marriage is community property. *Graham v. Fran-*

*co,* 488 S.W.2d 390, 396 (Tex.1972). Recovery for loss of earning capacity during marriage is community property. *Id; See Perez v. Perez,* 587 S.W.2d at 673. The judgment in the H.E.B. lawsuit provided in pertinent part:

It is further ADJUDGED that this judgment forecloses any and all claims, demands and causes of action and claims for damages of whatsoever nature which were asserted in this cause or which could have been asserted in this cause, whether in contract or in tort or arising under or by virtue of any statute or regulation or arising under the common law including but not limited to all causes of action for reinstatement, emotional distress, damage to reputation, damages due to defamation, attorney's fees, costs, or other sums or relief, whether legal or equitable, whether under any federal, state or local law or statute, regulation, rule or order, specifically including but not limited to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; 42 U.S.C. §§ 1981, 1983, 1985; Texas Commission on Human Rights Act, Vernon Ann.Civ.Stat. art. 52221k et seq.; or any other law, statute or common law claim pertaining to employment discrimination, retaliation, or redress for injuries incurred or damages suffered during the plaintiffs' or cross-plaintiff's course of employment with or subsequent termination by defendant, H.E. BUTT GROCERY COMPANY.

■ Thus appellee's own summary judgment evidence discloses that some portion of the damages recovered is community property. That fact issue which is raised by the evidence would place on appellee the burden at trial to demonstrate what portion of the proceeds awarded to him represent his separate property. *See Lindsey v. Lindsey,* 564 S.W.2d 143, 146 (Tex.Civ.App.—Austin 1978, no writ); *Carnes v. Meador,* 533 S.W.2d 365, 369 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.).

The next question is whether appellant is precluded by the doctrine of *res judicata* from pursuing a division of any community property at trial. In other words, was *res judicata* established as a matter of law thereby entitling appellee to a summary judgment which would preclude the suit for partition.

■ In actions for post-divorce partition of assets, it has been held that a judgment finalizing a divorce and dividing the property is *res judicata* of any attempt to re-litigate the division of property in a subsequent partition suit. *Day v. Day,* 603 S.W.2d 213, 215 (Tex.1980) (citations omitted). However, "a divorce decree which does not settle the rights of the parties to community property may not preclude a subsequent suit by the wife to establish her rights to it." *Pearce v. Commissioner of Int. Rev.,* 315 U.S. 543, 548, 62 S.Ct. 754, 757, 86 L.Ed. 1016 (1942), *citing Gray v. Thomas,* 83 Tex. 246, 18 S.W. 721 (1892). When a decree purporting to effect a division of community property fails to provide for or make a disposition of certain properties, the former spouses both remain owners of the property as tenants in common. *Ex parte Williams,* 160 Tex. 314, 330 S.W.2d 605, 606 (1960); *Yeo v. Yeo,* 581 S.W.2d 734, 736 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.). Each of the co-tenants then has a right to demand partition of the property. *Busby v. Busby,* 457 S.W.2d 551, 554–55 (Tex.1970); *see Forsman v. Forsman,* 694 S.W.2d 112, 114 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).[1]

The summary judgment evidence in the present case, including the divorce decree together with the position taken and representations made by Moreno herself, shows that the default divorce decree purported to adjudicate the asset. On the other hand, the evidence also shows that an intervening final order renders the divorce decree unenforceable; therefore, the divorce decree is

---

1. Because this divorce occurred in 1985, the 1987 Family Code amendments do not apply. We note, however, that the present provisions of TEX.FAM.CODE ANN. §§ 3.90–3.93 (Vernon Supp.1989) evince a strong legislative policy favoring division of community assets which survive the divorce decree undivided.

incapable of effecting a disposition of any community portion of the asset. It is undisputed that there has been no actual distribution of any community portion of the asset to Moreno under the decree.

A number of cases involving post-divorce partition actions have held that *res judicata* does not apply where the divorce decree does not "consider," or "purport to dispose of" the asset. *See Isenberg v. Isenberg*, 510 S.W.2d 364 (Tex.Civ.App.—San Antonio 1974, no writ); *Thompson v. Thompson*, 500 S.W.2d 203 (Tex.Civ.App.—Dallas 1973, no writ); *Howle v. Howle*, 422 S.W.2d 252 (Tex.Civ.App.—Tyler 1967, no writ). Appellee argues that if the divorce decree does consider or purport to dispose of the asset, then *res judicata* applies.

Several cases use language which assumes or implies that a divorce decree must be effective in accomplishing a disposition in order for *res judicata* to apply. *See Pearce v. Commission of Int. Rev.*, 315 U.S. at 548, 62 S.Ct. at 757 ("decree which does not settle the rights"), *Yeo v. Yeo*, 581 S.W.2d at 736 ("property not affected by the decree"); *Thompson v. Thompson*, 500 S.W.2d at 207 ("fails to accomplish disposition").

Appellee Alejandro maintains that the divorce decree is *res judicata* as to this subsequent partition action, while at the same time he submits evidence that the decree is ineffective to dispose of the asset. We find that in the peculiar circumstances of this case a proper balance must be struck between the policies underlying *res judicata* and the common law design that community assets either be divided upon divorce, or be the subject of a tenancy in common. We hold in this case, in order for *res judicata* to apply, the divorce decree would have determined the community rights of the parties as to the award and effected a disposition. However, the decree failed to dispose of the community portion of the asset. We hold that where the asset could not in fact be divided according to the divorce decree, *res judicata* does not apply to bar a post-divorce partition. Appellee has not fulfilled his burden

to demonstrate that *res judicata* bars this partition action.

We reverse the judgment and remand the case for trial.