**410/WEST AVENUE LTD., David Saks & Doyle Spruill, Appellants,**

v.

**TEXAS TRUST SAVINGS BANK, F.S.B., et al., Appellees.**

No. 04–90–00461–CV.

Court of Appeals of Texas, San Antonio.

April 24, 1991.

Oliver S. Heard, Jr., Clifton F. Douglass, III, Karl E. Hays, Heard, Goggan, Blair & Williams, San Antonio, for appellants.

Lane D. Thibodeaux, Edward E. Robinson, Shannon M. Sanders, West, Adams, Webb & Allbritton, P.C., Bryan, Ann S. Duross, Colleen B. Bombardier, Richard J. Osterman, Jr., John P. Parker, Washington, D.C., Evelyn N. Howard–Hand, Deitch, Egan, Greenblum & Hamilton, P.C., Scott N. Morse, Brown Maroney & Oaks Hartline, Austin, for appellees.

Before CHAPA, BIERY and CARR, JJ.

## OPINION

CHAPA, Justice.

Appellants, 410/West Avenue Ltd., David Saks, and Doyle Spruill, became involved in a transaction with appellees, Peoples Savings and Loan Association of Llano, Texas and Peoples Mortgage Company, which eventually resulted in appellants executing a certain real estate lien note and deed of trust. Appellants sued appellees

alleging usury, breach of contract, actual and constructive fraud, breach of the covenant of good faith and fair dealing, breach of an oral promise to lend, violations of the Texas Deceptive Trade Practices and Consumer Protection Act, breach of a fiduciary duty, violations of the Federal Bank Tying Act, violations of the Federal Savings and Loan Act and the Texas Savings and Loan Rules, and violations of the Texas Revised Limited Partnership Act. The appellees answered, and Peoples Savings and Loan countersued on the note. Later, Texas Trust Savings Bank, F.S.B., assignee of the Federal Savings and Loan Corporation and successors in interest to Peoples Savings and Loan Association, intervened. The record reflects that the trial court granted multiple summary judgments which resulted in this appeal.

The dispositive issue is whether the multiple summary judgments are interlocutory and nonappealable. TEX.R.APP.P. 90.

 Summary judgment cannot be granted to a party that does not properly move for such relief by proper motion. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984). Further, defendant movants for summary judgment have the burden of showing, as a matter of law, that no material issue of fact exists as to all of the plaintiffs' causes of action. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987); *see also City of Beaumont v. Guillory,* 751 S.W.2d 491, 492 (Tex.1988) (holding that a motion for summary judgment must expressly dispose of all issues presented in a suit). Motions for summary judgment "stand or fall on the grounds *specifically* set forth in the motions." *Ortiz v. Spann,* 671 S.W.2d 909, 914 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) (emphasis added). The Texas Supreme Court has indicated the urgency of specificity in motions for summary judgments:

> It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a

summary judgment proceeding. In *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979), we wrote, "The movant ... must establish his entitlement to a summary judgment on the issues *expressly presented* to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." (Emphasis added.)

> Because [appellee] moved for summary judgment on only one of [appellant's] four causes of action, the court of appeals' affirmation of this judgment was improper as to the other causes of action alleged by [appellant]. (Citations omitted.)

*Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563, 564 (Tex.1983) (emphasis in original).

> A summary judgment, unlike a judgment signed after a trial on the merits, is presumed to dispose of only those issues *expressly presented,* not all issues in the case. A summary judgment that fails to dispose *expressly* of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court; in the absence of an order of severance, the party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984).

*City of Beaumont,* 751 S.W.2d at 492 (emphasis added) (remaining citations omitted).

 The record reflects that both appellees filed their first motion for summary judgment on August 18, 1988, which resulted in a partial summary judgment signed much later on November 24, 1989.[1] The resulting partial summary judgment *expressly disposes* of only the wrongful foreclosure and the Federal Savings and Loan Tying Act claims; moreover, the partial

---

**1.** Although the order was signed on November 24, 1989, the order reflects that the hearing was held on October 3, 1988.

summary judgment states that summary judgment is denied as to all other claims. Consequently, this is an interlocutory summary judgment which does not dispose of all causes of action and, is nonappealable. *City of Beaumont,* 751 S.W.2d at 492.

■ On October 19, 1988, Peoples Savings and Loan filed its second motion for summary judgment which *expressly presented* the breach of oral commitment to lend cause of action. After a hearing on the 13th day of December, 1988, the trial court granted a *partial summary judgment* on January 11, 1989, and decreed "that Plaintiffs take nothing against the Defendants on any of Plaintiffs' claims *with the exception of Plaintiffs' usury claim, on which no summary judgment shall be granted in favor of either Plaintiffs or Defendants.*" (Emphasis added.) The judgment does not *expressly dispose* of both defendants, and since summary judgments are presumed to dispose of only those parties that properly move for summary judgment, no relief could be granted to Peoples Mortgage. *Teer,* 664 S.W.2d at 704. Therefore, this order does not dispose of all the parties and, is interlocutory. Further, in this summary judgment, the court specifically denied relief on the usury cause of action, and could only *expressly dispose* of the causes of action which had been *expressly presented* by the motion, and none others. *City of Beaumont,* 751 S.W.2d at 492; *Chessher,* 658 S.W.2d at 564. Thus, since this partial summary judgment does not dispose of all of the parties and all of the claims, it is likewise interlocutory and nonappealable.

■ Without in any way vacating the partial summary judgment granted on January 11, 1989, the court granted another summary judgment on January 24, 1989, which apparently was also based on the same second motion for summary judgment which had already been dealt with by the January 11, 1989 summary judgment. The summary judgment orders that the "Defendants' Second Motion for Summary Judgment is hereby granted", that the "Plaintiffs shall take nothing against Defendants," and costs are assessed against

the appellants. Clearly, since this summary judgment was specifically based on the second motion for summary judgment, which was filed only by Peoples Savings and Loan and which failed to *expressly present* all the claims of the appellants, and since the judgment does not *expressly dispose* of each individual defendant or of all of appellants' claims, we cannot presume that the judgment *expressly disposed* of Peoples Mortgage, which failed to move for the summary judgment, or of all of the claims that were not *expressly presented* in the motion for summary judgment upon which the judgment is based. *City of Beaumont,* 751 S.W.2d at 492; *Teer,* 664 S.W.2d at 704; *Chessher,* 658 S.W.2d at 564. Therefore this partial summary judgment is also interlocutory because it does not *expressly dispose* of all of the parties or of all of the claims.

■ Furthermore, the January 24, 1989 summary judgment was rendered after the court had already rendered a prior summary judgment on January 11, 1989, based upon the same second motion for summary judgment. "[T]he rule is well settled that the entry of a second judgment in the same case is not a vacation of the first, and that if there is nothing to show the first was vacated, the second is a nullity,"; this is true, even if both judgments are filed on the same date. *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83, 84 (1941). Therefore, since there is nothing in this record to show that the partial summary judgment of January 11, 1989 was vacated, the partial summary judgment of January 24, 1989 is a nullity.

■ On August 28, 1989, intervenor, Texas Trust Savings Bank, filed what was termed as their third motion for summary judgment *expressly presenting* and seeking judgment on their counterclaim on the note, attorneys' fees, a dissolution of the temporary injunction preventing foreclosure, and costs. On April 23, 1990, the court granted a summary judgment to the intervenor on the counterclaim, as well as for attorneys' fees, and dissolved the injunction. The court further made the prior summary judgments final, and provided

that "any relief not previously expressly granted in the Orders Granting Partial Summary Judgment or in this Order is denied." This summary judgment merely disposed of the counterclaim, and likewise, failed to *expressly dispose* of all of the parties and all of the claims. Making all the prior partial summary judgments final did not *expressly dispose* of the parties or claims not *expressly disposed* of by the prior partial summary judgments, nor did it prevent the summary judgment of January 24, 1989 from being a nullity. Thus, this summary judgment did not *expressly dispose* of all of the parties or all of the claims; it is, therefore, interlocutory and nonappealable without a proper severance of all of the remaining parties and claims.

On April 23, 1990, the court ordered a severance and decreed "that all claims by and between Plaintiffs and Peoples Savings & Loan Association and Texas Trust Savings Bank be, and [sic] same hereby are, severed from the remainder of this cause." However, although this order severs the claims against Peoples Mortgage, it fails to sever the claims of the appellants against Peoples Savings and Loan which have not been *expressly presented* and thus, *expressly disposed* of by summary judgment.

Accordingly, all the summary judgments are interlocutory and nonappealable, and this court lacks jurisdiction.