Mario URIBE, Appellant,

v.

HOUSTON GENERAL INSURANCE COMPANY, Appellee.

No. 04–92–00382–CV.

Court of Appeals of Texas, San Antonio.

Feb. 26, 1993.

Phil Hardberger, Hardberger & Rodriguez, Inc., Larry Zinn, San Antonio, for appellant.

John Milano, Jr., Thornton, Summers, Biechlin, Dunham & Brown, Inc., San Antonio, for appellee.

Before PEEPLES, BIERY and GARCIA, JJ.

## OPINION

BIERY, Justice.

This is an appeal of a summary judgment granted in favor of the defendant, Houston General Insurance Company [Houston General] and against the plaintiff, Mario Uribe, on the plaintiff's claims of violations of TEX.INS.CODE ANN. art. 21.21, §§ 4, 16 (Vernon Supp.1993); State Bd. of Ins., 28 TEX.ADMIN.CODE §§ 21.3(a), 21.4 (West October 10, 1988) (Unfair Competition and Unfair Practices of Insurers, and Misrepresentation of Policies); TEX.INS.CODE ANN. art. 21.21–2, § 2(g) (Vernon 1981); State Bd. of Ins., 28 TEX.ADMIN.CODE § 21.203 (West October 10, 1988) (Unfair Claims Settlement Practices); TEX.BUS. & COM.CODE ANN. § 17.50(a) (Vernon 1987); and breach of the duty of good faith and fair dealing.[1] The trial judge granted a general summary judgment on all of Mr. Uribe's causes of actions. In one point of error, Mr. Uribe contends the general summary judgment as to all six causes of action was erroneously granted. We reverse and remand.

■ The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of *each* of the plaintiff's causes of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); TEX.R.CIV.P. 166(a), (c).

■ A defendant may not be granted summary judgment on a cause of action not addressed in the summary judgment proceeding. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983). Motions for summary judgment "stand or fall on the grounds *specifically* set forth in the motion(s)." *Ortiz v. Spann*, 671 S.W.2d 909, 914 (Tex.App.— Corpus Christi 1984, writ ref'd n.r.e.) (opinion on rehearing) (emphasis added). As stated by the Texas Supreme Court:

> It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. In *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979), we wrote, "The movant ... must establish his entitlement to a summary judgment on the issues *expressly presented* to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law."

*Chessher*, 658 S.W.2d at 564 (alteration in original). If a summary judgment is erroneously rendered when under the record of the summary judgment proceeding one or more causes of action were not addressed in the movant's motion for summary judgment, we must reverse the judgment of the trial court and remand the case for determination of the untried issues. *See Teer v. Duddlesten*, 664 S.W.2d 702, 703–04 (Tex. 1984); *Chessher*, 658 S.W.2d at 564; *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454–55 (Tex.1982).[2] This is because the

---

1. Although Plaintiff's First Amended Petition refers to Title 28 of the Texas Administrative Code § 21.2(a), the language quoted is actually located at § 21.3(a).

2. A final judgment is one disposing of all issues

trial court should have rendered a partial and interlocutory summary judgment, not a final judgment disposing of all issues and parties in the case. *Teer,* 664 S.W.2d at 705; *Chessher,* 658 S.W.2d at 564. The merits of the appeal are not reached because, in the absence of an order of severance, a partial or interlocutory summary judgment is appealable only "when and not before the same is merged in a final judgment disposing of the whole case." *Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 201 (1959); *see also Teer,* 664 S.W.2d at 704–05.

For example, in *Teer,* 664 S.W.2d at 702, landowners brought an action against the City of Bellaire, Wayne Duddlesten and H–R–D–37, Ltd. seeking declaration of the invalidity of certain city zoning ordinances. Two of the defendants, Duddlesten and H–R–D–37, Ltd., moved for a summary judgment. The trial court entered a final summary judgment in favor of all the defendants, even though the City was not a party to the summary judgment proceedings. In affirming the trial court, the court of appeals declared the City's ordinances valid. *Teer v. Duddlesten,* 641 S.W.2d 569, 573–76 (Tex.App.—Houston [14th Dist.] 1982). The supreme court reversed the judgment of the lower courts and remanded the entire cause to the trial court without addressing the merits of the landowners' appeal—the validity of the zoning ordinances. *Teer,* 664 S.W.2d at 705. In a dissenting opinion, Justice Robertson suggested:

> In remanding this cause we will needlessly waste the time and effort of the parties and courts involved in this litigation. The merits of this cause, brought forward by Plaintiffs' appeal of their declaratory judgment action, are properly before the court and should be passed on.

*Id.* (Robertson, J., dissenting). However, in declining to review the merits of the appeal as to the parties properly before the court, the majority stressed the importance of obtaining a proper summary judgment:

> The judgment in the summary judgment proceeding erroneously included City of Bellaire. The correct judgment was one that did not adjudicate plaintiffs' rights against City. It should have been an interlocutory or partial summary judgment. *We reverse the judgments of the courts below and remand the cause* to the trial court for a trial of the action against City of Bellaire.

*Id.* at 705. (emphasis added)

▆▆ *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563 (Tex.1983) is also instructive. Plaintiff instituted suit against the telephone utility to recover damages for alleged breach of employment contract, wrongful discharge, fraud and misrepresentation. *Id.* at 564. The defendant moved for summary judgment solely on the plaintiff's breach of contract claim; the trial court rendered a final summary judgment in its favor. The supreme court reversed and remanded the cause to the trial court:

> Because Southwestern Bell moved for summary judgment on only one of Chessher's four causes of action, *the court of appeals' affirmation of this judgment was improper as to the other causes of action alleged* by Chessher. *Griffin v. Rowden,* 654 S.W.2d 435 (Tex. 1983); *Puga v. Donna Fruit Co., Inc.* 634 S.W.2d 677 (Tex. 1982); *Missouri-Kan.-Tex. R.R. Co. v. City of Dallas,* 623 S.W.2d 296 (Tex. 1981). Pursuant to Tex.R.Civ.P. 483, the application for writ of error is granted, ... *the judgments of the courts below are reversed* ...

*Id.* at 564 (emphasis added). As in *Teer,* the supreme court did not review the merits of the plaintiff's appeal. Therefore, a motion for summary judgment which chal-

---

and parties in the case. *North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895–96 (Tex. 1966). In this case, the "Order Granting Summary Judgment" states, "IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the Defendant, HOUSTON GENERAL INSURANCE COMPANY'S Motion for Summary Judgment should be, and the same is hereby granted in its entirety." Although the judgment does not include the "simple statement that all relief not expressly granted is denied" we hold the judgment disposes of all the issues and parties in this case and is, therefore, a final judgment. *Schlipf,* 644 S.W.2d at 454 (citing *Aldridge* ).

lenges less than all causes of action pled and an erroneous final general summary judgment which has been entered by the trial court requires reversal and remand of the entire cause to the trial court without considering the merits of the appeal. *See Johnson v. Rollen,* 818 S.W.2d 180, 182 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Whiddon v. Metni,* 650 S.W.2d 904, 906 (Tex.App.—Dallas 1983, writ ref'd n.r.e.).[3]

This case began as a worker's compensation claim filed by appellant Uribe claiming compensation for personal injuries sustained at work on January 23, 1990. By March 1990, appellee Houston General refused to pay any weekly compensation or medical benefits to appellant. On May 9, 1990, the Texas Compensation Commission awarded Uribe $32,079.77 in benefits from Houston General and ordered Houston General to pay all related medical bills. On May 30, 1990, with the advice of his attorneys, Uribe entered into a compromise settlement agreement (CSA) with Houston General to settle his claim for $30,000 and related medical expenses. As required by the statute in effect at that time, the form contained the following language:

The Board finds the liability of the carrier or the extent of the injures is uncertain indefinite or incapable of being satisfactorily established.... It is ordered that the compromise agreement be and same is hereby approved.

TEX.REV.CIV.STAT.ANN. art. 8307, § 12 (Vernon 1967).[4] After Houston General paid appellant the $30,000 pursuant to the CSA, Uribe filed suit alleging violations of the Texas Insurance Code, the Texas Administrative Code and the Texas Deceptive Trade Practices Act. Mr. Uribe also alleged Houston General violated its common law duty of good faith and fair dealing by mishandling and wrongfully denying his claim.

■ Regarding Houston General's motion for summary judgment, the record reveals the motion is based on the argument the summary judgment proof establishes, as a matter of law, there is no genuine issue of fact about one or more of the essential elements of appellant's common law cause of action: Houston General contends the "finding of uncertainty" language printed on the CSA constitutes a bar to any subsequent cause of action for breach of the duty of good faith and fair dealing. The motion, however, does not

---

3. As non-movant, a plaintiff/appellant must nevertheless assign as error the failure of the defendant's motion for summary judgment to address all causes of action alleged. In *Yiamouyiannis v. Thompson,* 764 S.W.2d 338, 342 (Tex.App.—San Antonio 1988, writ denied), *cert. denied,* 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990), this court held that the plaintiff must specifically assign that failure as error or the complaint will be waived. There, the opponent of drinking water fluoridation appealed a summary judgment granted in favor of the defendant newspaper, columnist, medical society and its spokesman. *Id.* at 339–40. Although the defendants failed to move for summary judgment on all pleaded causes of action, this court did not reverse and remand the entire cause to the trial court. Instead, the merits of the appeal were addressed:

In addition to the libel-related claims, plaintiff pleaded that the defendants used "official oppression" to keep him off radio and television. This, plaintiff's petition contends, violates section 39.02 of the Penal Code and 42 U.S.C. § 1983, and constitutes a tortious interference with his right to free speech. The summary judgment before us orders that

plaintiff take nothing on the entire case, including these three non-defamation counts, even though they were not addressed by any of the motions for summary judgment. The court erred in ruling on these unchallenged causes of action. *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983) (Because motion for summary judgment challenged only one of four pleaded causes of action, take-nothing judgment on the three unchallenged causes was improper. *But plaintiff has not assigned these adverse rulings as error in this court, and therefore we cannot disturb them. Prudential Ins. Co. v. J.R. Franclen, Inc.,* 710 S.W.2d 568, 569 (Tex.1986); *Gulf Consol. Int'l, Inc. v. Murphy,* 658 S.W.2d 565, 566 (Tex.1983).

*Id.* at 341–42 (emphasis added). In this case, however, appellant presents arguments concerning the failure of the motion for summary judgment to address all causes of action.

4. Repealed by Act of Dec. 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(10), 1989 Tex.Gen.Laws 1, 114 (eff. Jan. 1, 1991). Under the current statutory scheme, former 8307, § 12 is now codified at TEX.REV.CIV.STAT.ANN. art. 8308–4.33 (Vernon Supp.Pamphlet 1993).

speak to the remaining statutory causes of action raised by appellant's pleadings. Under this record, the trial court could only address the breach of duty of good faith and fair dealing cause of action specifically presented in the motion for summary judgment. Additionally, because the summary judgment order was general, we cannot determine from the record whether the additional causes of action were considered. Because of the requirement that all causes be specifically addressed in the movant's motion for summary judgment, a final summary judgment was improper. Accordingly, we reverse and remand the cause to the trial court for further proceedings consistent with this opinion.

PEEPLES, Justice, concurring.

I concur but with some reluctance.

Here the trial court rendered a take-nothing summary judgment on six causes of action even though the motion addressed only one. Plaintiff properly attacks that action in this court. In these circumstances, the sensible course of action for appellate courts is to review the propriety of the ruling on the one cause of action properly addressed in the motion and remand as to the others.

The supreme court cases on this issue seem to me a little ambiguous about the proper approach because the court's *judgments* have not always corresponded precisely to its *language*. In *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563 (Tex.1983), the court said it was improper for the court of appeals to affirm *as to the unaddressed causes of action*. *Id.* at 564. But the court did not discuss the merits of the properly addressed cause of action; it reversed and remanded the entire case to the trial court. In *Teer v. Duddlesten*, 664 S.W.2d 702 (Tex.1984), the summary judgment adjudicated the rights of a defendant, the City of Bellaire, which was not even mentioned in the summary judgment motion. The court reversed the entire cause (involving all parties) and remanded "for a trial of the action against City of Bellaire." *Id.* at 705. But the court earlier said the correct approach in such cases is to "remand for a trial of the untried [i.e. unaddressed] issue." *Id.* at 704. That language seems to say that an appellate court should review the issues that were properly joined and litigated, but remand for trial of the other issues.

The whole problem can be avoided at the trial level by ensuring that the relief granted does not exceed the relief requested. If partial relief is requested and granted, either party may ask for a severance to make that action final and appealable. But when the trial court grants a final summary judgment even though the motion requested only partial relief, the question on appeal is whether to decide the correctness of the partial relief that was requested and granted (remanding the remainder of the case), or whether to send the entire case back without any appellate decision at all. Since the latter approach corresponds with the supreme court's actions, though not its language, I concur.