Elsie M. RODRIGUEZ

v.

Wayne S. GILL, Ph.D.

No. 04–92–00249–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 26, 1993.

Hugo Xavier De Los Santos, San Antonio, Eugene Zemp DuBose, Dallas, for appellant.

John Milano, Jr., Thornton, Summers, Biechlin, Dunham & Brown, Inc., San Antonio, for appellee.

REEVES, C.J., and CHAPA, and RICKHOFF, JJ.

OPINION

CHAPA, Justice.

Appellant, Elsie M. Rodriguez, appeals a summary judgment granted in favor of ap-

pellee, Wayne S. Gill. The dispositive issue before this court is whether the summary judgment granted was a proper final order and appealable. TEX.R.APP.P. 90(a).

The standards for reviewing summary judgment are well settled. They are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue pre-cluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Goswami v. Metropolitan Sav. & Loan Ass'n,* 751 S.W.2d 487, 491 (Tex.1988).

■ The defendant's burden of proof in a summary judgment is to show as a matter of law that the plaintiff has no cause of action against him. *Citizens First Nat'l Bank of Tyler v. Cinco Exploration Co.,* 540 S.W.2d 292, 294 (Tex.1976); *Gaddis v. Smith,* 417 S.W.2d 577, 582 (Tex.1967). Motions for summary judgment "stand or fall on the grounds *specifically* set forth in the motion(s)." *Ortiz v. Spann,* 671 S.W.2d 909, 914 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) (emphasis added). The Texas Supreme Court has indicated the urgency of specificity in motions for summary judgments:

It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. In *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979), we wrote, "The movant ... must establish his entitlement to a summary judgment on the issues *expressly presented* to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." (emphasis added).

*Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983) (emphasis added in original). In *City of Beaumont v. Guillory,* 751 S.W.2d 491 (Tex.1988), the supreme court held:

A summary judgment, unlike a judgment signed after a trial on the merits, is presumed to dispose of only those issues *expressly presented,* not all issues in the case. A summary judgment that fails to dispose *expressly* of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court; in the absence of an order of severance, the party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues.

*Id.* at 492.

The record reveals that because of a work related injury, appellant was referred to appellee by one of appellant's treating doctors for a professional evaluation. Appellee diagnosed appellant as "malingering" in a written report. Thereafter, this lawsuit was filed against appellee and other defendants.

■ The record reflects that no special exemptions were filed against any of appellant's pleadings, and they must therefore be liberally construed. *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982); *Stone v. Lawyer Title Ins. Co.,* 554 S.W.2d 183, 186 (Tex.1977). Appellant's original pleadings alleged 1) negligence and 2) defamation causes of action against appellee, which were thereafter *expressly addressed* in appellee's motion for summary judgment. However, although appellant filed an amended petition prior to the hearing on the motion for summary judgment alleging the additional cause of action of tortious interference against appellee, appellee failed to amend his motion for summary judgment. Subsequently, this summary judgment was granted in favor of appellee as to all causes of action without the tortious interference cause of action being *expressly addressed. City of Beaumont,* 751 S.W.2d at 492. The summary judgment also severed all causes of action as to

the other defendants, clearly attempting to make the take nothing judgment as to appellee final.

Therefore, since this summary judgment "is presumed to dispose of only those issues *expressly presented,* [and] not all issues in the case," this summary judgment "fails to dispose expressly of all ... issues in the pending suit [and it] is [consequently] interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court." *City of Beaumont,* 751 S.W.2d at 492. Further, since no "severance of that phase of the case" (tortious interference cause of action) has been "ordered by the trial court," the trial court here should have only granted an interlocutory partial summary judgment, which could be appealed "when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues." *Id.*

Consequently, the trial court here erred in attempting to enter a final judgment as to all causes of action against the appellee when it should have entered only an interlocutory partial summary judgment. Thus, the only remaining issue is whether this court should dismiss this appeal or reverse this judgment and remand for disposition of all undisposed parties and issues which were not the subject of a proper severance order.

▮ Where a summary judgment order is appealed which is clearly interlocutory on its face, in the absence of an order of severance, the appellate courts should dismiss because the order is nonappealable. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 200 (1959); *see also City of Beaumont,* 751 S.W.2d at 492; *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex. 1984). However, where a summary judgment order is appealed which appears to be final on its face, but which should have been partial and interlocutory, in the absence of an order of severance, the appellate courts should reverse the judgment and remand to the trial court for disposal of all remaining parties and issues in a final appealable order. *Teer,* 664 S.W.2d at

705. But it should be further noted that where the summary judgment appealed appears to be final on its face but should have been partial and interlocutory, the merits of the appeal are not reached because the proper order which should have been entered is not appealable until "when and not before the same is merged in a final judgment disposing of the whole case." *Pan American Petroleum Corp,* 324 S.W.2d at 201; *see also Teer,* 664 S.W.2d at 704.

The judgment is reversed, and the cause remanded to the trial court for disposal of all issues and parties by a proper final and appealable order, or a proper severance order which will make any partial summary judgment final and appealable.