**Ella V. Perez MIKULICH, Appellant,**

v.

**Raymundo G. PEREZ, Jr.; Rosie Longoria; Maximo Rodriguez; and Yolanda Rodriguez, Appellees.**

No. 04–94–00509–CV.

Court of Appeals of Texas, San Antonio.

Jan. 10, 1996.

Jerry Don Evans, Law Office of Jerry Don Evans, Uvalde, for Appellant.

Phillip M. Hughes, Crawford, Crawford & Hughes, Uvalde, Paul J. Tarski, Dulin, Tarski & Davis, Uvalde, Rodolfo R. Flores, Law Office of Rodolfo R. Flores, Uvalde, for Appellee.

Before CHAPA, C.J., and RICKHOFF and LOPEZ, JJ.

## OPINION

CHAPA, Chief Justice.

This suit was instituted as a request for a division of property not divided in divorce, and a petition to set aside fraudulent transfers and to partition the subject property. Appellee, Raymundo G. Perez, Jr., filed a motion for summary judgment on the basis of res judicata and on the basis that appellant's prior knowledge of the property transfer in question negated her fraud claim. The trial court granted a general summary judgment to Perez, appellee Rosie Longoria, and appellees Maximo and Yolanda Rodriguez, and this appeal ensued. The dispositive issue is whether the summary judgment, which purports to be a final appealable order, properly disposed of all issues and parties. TEX. R.APP.P. 90(a).

### Factual Background

Appellant and appellee Perez entered into a common-law marriage in 1976. In 1980 the subject property was conveyed to Perez by general warranty deed. Although record title was solely in appellee Perez's name, he does not dispute the community nature of the property.[1] Appellant and Perez separated in 1988 and appellant moved to California. In February 1992, without the joinder of appellant, Perez conveyed the property to his sister, appellee Rosie Longoria, by general warranty deed reciting valuable consideration.[2] The appellant, as shown in her affidavit and in Perez's summary judgment proof, was aware of this conveyance prior to the entry of the divorce decree. The divorce decree was signed on February 1, 1993. Appellant filed suit in the instant case on June 15, 1994, serving all appellees on June 16; Longoria conveyed the property to appellees Maximo and Yolanda Rodriguez three days later on June 19, 1994, for allegedly insufficient consideration.

---

1. Appellee relies on TEX.FAM.CODE ANN. § 5.24 (Vernon 1993) to justify his transfer to his sister. This section deals with sole management community property.

2. In interrogatories, Perez admits that he transferred the property to his sister because he owed her money. He stated that he originally owed her $2,700. He then agreed to a longer payout of $4,000. When he failed to repay the loan, he deeded the house to her. His estimate of the value of the house at the time of the transfer was $27,000; appellant's estimate was $40,000.

Although appellant's Second Amended Original Petition states causes of action against Perez, Longoria, and the Rodriguezes for fraudulent transfers of her homestead community property and for partition of the property, and the certificate of service shows that all four appellees were served, our record contains only the answer of Perez and his motion for summary judgment and a First Supplemental Answer from Longoria. No answer was filed by the Rodriguezes. The trial court's final summary judgment recites that it

> heard the motion for summary judgment filed in this cause by RAYMUNDO G. PEREZ, JR. All parties appeared by and through their respective counsel. The Court, after examining the pleadings and the summary judgment evidence and hearing the arguments of counsel, determines that RAYMUNDO G. PEREZ, JR., ROSIE LONGORIA, MAXIMO RODRIGUEZ AND YOLANDA RODRIGUEZ are entitled to summary judgment[.]

Attorneys for all four appellees signed the final judgment.

### Standard of Review

The standards for reviewing summary judgment are well settled. They are as follows:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Goswami v. Metropolitan Sav. & Loan Ass'n,* 751 S.W.2d 487, 491 (Tex.1988).

 The defendant's burden of proof in a summary judgment is to show as a matter of law that the plaintiff has no cause of action against him. *Citizens First Nat'l Bank v. Cinco Exploration Co.,* 540 S.W.2d 292, 294 (Tex.1976); *Gaddis v. Smith,* 417 S.W.2d 577, 582 (Tex.1967). "The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient." *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Motions for summary judgment "stand or fall on the grounds specifically set forth in the motion(s)." *Ortiz v. Spann,* 671 S.W.2d 909, 914 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) (op. on reh'g). The Texas Supreme Court has indicated the urgency of specificity in motions for summary judgments:

> It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. In *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979), we wrote, "The movant ... must establish his entitlement to a summary judgment on the issues *expressly presented* to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." (emphasis added).

*Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983). In *City of Beaumont v. Guillory,* 751 S.W.2d 491 (Tex.1988), the supreme court held:

> A summary judgment, unlike a judgment signed after a trial on the merits, is presumed to dispose of only those issues expressly presented, not all issues in the case. A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court; in the absence of an order of severance, the party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues.

*Id.* at 492. "In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case[.]" *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678 (Tex.1990).

In *Mafrige v. Ross,* 866 S.W.2d 590 (Tex. 1993), the court stated that "[i]f a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal [but] [i]f the judgment grants more relief than requested, it should be reversed and remanded, but not dismissed." *Id.* at 592.

In *Rodriguez v. Gill,* 849 S.W.2d 442 (Tex. App.—San Antonio 1993, no writ), this court stated:

> Where a summary judgment order is appealed which is clearly interlocutory on its face, in the absence of an order of severance, the appellate courts should dismiss because the order is nonappealable. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 200 (1959); *see also City of Beaumont,* 751 S.W.2d at 492; *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex. 1984). However, where a summary judgment order is appealed which appears to be final on its face, but which should have been partial and interlocutory, in the absence of an order of severance, the appellate courts should reverse the judgment and remand to the trial court for disposal of all remaining parties and issues in a final appealable order. *Teer,* 664 S.W.2d at 705. But it should be further noted that where the summary judgment appealed appears to be final on its face but should have been partial and interlocutory, the merits of the appeal are not reached because the proper order which should have been entered is not appealable until "when and not before the same is merged in a final judgment disposing of the whole case." *Pan American Petroleum Corp.,* 324 S.W.2d at 201; *see also Teer,* 664 S.W.2d at 704.

The judgment is reversed, and the cause remanded to the trial court for disposal of all issues and parties by a proper final and appealable order, or a proper severance

order which will make any partial summary judgment final and appealable.

*Rodriguez,* 849 S.W.2d at 444; *see generally Qualia v. Qualia,* 878 S.W.2d 339 (Tex. App.—San Antonio 1994, writ denied); *410/ West Ave. Ltd. v. Texas Trust Sav. Bank F.S.B.,* 810 S.W.2d 422 (Tex.App.—San Antonio 1991, no writ); *Hancock v. City of San Antonio,* 800 S.W.2d 881 (Tex.App.—San Antonio 1990, writ denied).

### Analysis

In the instant case, only appellee Perez moved for summary judgment on the basis that appellant's fraud claims against him were barred by res judicata and by her knowledge of the transaction. The motion wholly fails to address appellant's claims against Longoria and the Rodriguezes, and yet the summary judgment decrees that appellant take nothing against all four appellees. While the record before us indicates that all court papers were served on all appellees and includes interrogatories from Longoria and the Rodriguezes to appellant, the record is devoid of any motion for summary judgment filed by Longoria or the Rodriguezes.[3] Therefore, the trial court could not have granted judgment as a matter of law on any of the claims against Longoria and the Rodriguezes. *Chessher,* 658 S.W.2d at 564; *Clear Creek Basin Auth.,* 589 S.W.2d at 678; *Ortiz,* 671 S.W.2d at 914. Further, none of the claims or parties were severed, which was necessary to authorize the trial court to grant a final appealable judgment on only those claims and parties expressly addressed in the motion for summary judgment. *Guillory,* 751 S.W.2d at 492; *see Chessher,* 658 S.W.2d at 564. Consequently, under these circumstances, the trial court should have only granted a partial summary judgment on the claims against Perez expressly addressed in the motion. *See Sanchez,* 799 S.W.2d at 678; *Guillory,* 751 S.W.2d at 491; *Chessher,* 658 S.W.2d at 564; *Ortiz,* 671 S.W.2d at 914.

However, the judgment granted by the trial court which is the subject of this

---

3. On appeal Longoria adopted the brief of Perez, but no brief was filed on behalf of the Rodri- guezes.

appeal purports to dispose of all parties and issues, which invokes the jurisdiction of this court. *Mafrige,* 866 S.W.2d at 592. Since the judgment "grants more relief than requested, it should be reversed and remanded." *Id.* The trial court can then dispose "of all issues and parties by a proper final and appealable order, or a proper severance order which will make any partial summary judgment final and appealable." *Rodriguez,* 849 S.W.2d at 444.

The judgment is reversed and remanded to the trial court to dispose of all the issues and parties in a proper final appealable judgment. *Mafrige,* 866 S.W.2d at 590; *Rodriguez,* 849 S.W.2d at 442.

RICKHOFF, Justice, concurring.

The majority states that the dispositive issue in this appeal is "whether the summary judgment, which purports to be a final appealable order, properly disposed of all issues and parties." Although I concur that whether the summary judgment is a final appealable order is one of the issues presented by this appeal, I do not agree that the issue is dispositive of the appeal. Although I would reverse the judgment as to Longoria and the Rodriguezes, who had not filed motions for summary judgment and were apparently all but forgotten as litigants, I find it necessary to address the merits of the summary judgment rendered in favor of Perez, before reaching a decision as to the propriety of the summary judgment rendered in his favor. For this reason, I respectfully disagree with the majority opinion.

The majority cites *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993), to conclude that "since the judgment grants more relief than is requested, it should be reversed and remanded." However, a more complete reading of the *Mafrige* decision, including the Court's interpretation of its decision in *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984), clarifies the meaning of its holding. In order to better understand the significance of *Mafrige,* it is important to understand the confusion which preceded that decision where an appeals court was faced with a summary judgment which purported to be final but which failed to address and dispose of all

parties and issues. This confusion is best described by Judge Peeples in his "reluctant" concurring opinion in *Uribe v. Houston Gen. Ins. Co.,* 849 S.W.2d 447, 451 (Tex.App.—San Antonio 1993, no writ).

The majority in *Uribe* refers to two prior Texas Supreme Court decisions as support for its conclusion that where a final general summary judgment is rendered upon a motion which failed to challenge all causes of action, the entire case must be reversed and remanded to the trial court, "without considering the merits of the appeal." 849 S.W.2d at 451. In both those cases, the majority noted that the supreme court reversed the entire case without considering the merits of the issues which were properly addressed in the trial court. *Id.* at 449. Judge Peeples noted in his concurrence that although a reversal and remand of the entire case was in accordance with the supreme court's actions, it was not consistent with the supreme court's language. *Id.* at 451 (Peeples, J., concurring). Judge Peeples explained as follows:

The supreme court cases on this issue seem to me a little ambiguous about the proper approach because the court's *judgments* have not always corresponded precisely to its *language.* In *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563 (Tex.1984), the court said it was improper for the court of appeals to affirm *as to the unaddressed causes of action. Id.* at 564. But the court did not discuss the merits of the properly addressed cause of action; it reversed and remanded the entire case to the trial court. In *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984), the summary judgment adjudicated the rights of a defendant, the City of Bellaire, which was not even mentioned in the summary judgment motion. The court reversed the entire cause (involving all parties) and remanded "for a trial of the action against City of Bellaire." *Id.* at 705. But the court earlier said the correct approach in such cases is to "remand for a trial of the untried [i.e. unaddressed] issue." *Id.* at 704. That language seems to say that an appellate court should review the issues that were proper-

ly joined and litigated, but remand for trial of the other issues.

*Id.* Although Judge Peeples concurred in Uribe "with some reluctance," he stated that the sensible course of action would be for appellate courts to review the propriety of the trial court's ruling on the issues which are addressed and remand as to the unaddressed issues. *Id.*

Under my reading of *Mafrige,* the supreme court permits the appellate courts to take this sensible course of action. The issue which was presented in *Mafrige* was whether the inclusion of a Mother Hubbard clause [1] in an order granting summary judgment "makes an otherwise partial summary judgment final for appeal purposes." 866 S.W.2d at 591. The supreme court initially noted that in *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982), it held that a summary judgment containing a Mother Hubbard clause was final since it expressly disposed of all issues and parties. *Mafrige,* 866 S.W.2d at 591. In interpreting its decision in *Teer,* however, the supreme court initially acknowledged that the summary judgment in *Teer* was held to be interlocutory for failing to dispose of all parties, although it also contained a Mother Hubbard clause. *Mafrige,* 866 S.W.2d at 592. The supreme court then asserted:

> Instead of dismissing [*Teer*] for want of jurisdiction, however, or directing the court of appeals to do so, this court proceeded to sever the nonmoving party and remand for trial of its claims. Although we discussed *Schlipf,* we distinguished it only by saying that the parties in that case had not raised the jurisdictional issue, and it was not fundamental error.
>
> We are of the opinion that the better view is that expressed in *Schlipf* and manifested by the actual result in *Teer.* If a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal. If the judgment grants more relief than request-

ed, it should be reversed and remanded, but not dismissed.

*Id.* The majority takes the sentence last quoted from *Mafrige* to mean that the entire judgment must be reversed and remanded. However, this ignores the supreme court's opinion that the better view is "manifested by the actual result in *Teer.*" That result, as specifically set forth by the supreme court, was a severance of the nonmoving party, and a remand for trial of the nonmoving party's claims. *See id.* Furthermore, the supreme court concluded its disposal of *Mafrige* by stating:

> ..., the court of appeals erred in dismissing the appeal for want of jurisdiction. The propriety of the trial court's granting of the summary judgment on the *merits* is a matter to be resolved by the court of appeals. Accordingly, we reverse the judgment of the court of appeals and remand this case to *that* court for further proceedings consistent with this opinion.

*Id.* (emphasis added). On remand, the court of appeals followed this instruction by considering the merits of the issues which were properly addressed and remanding the unaddressed issues to the trial court. *See Ross v. Arkwright Mut. Ins. Co.,* 892 S.W.2d 119, 134 (Tex.App.—Houston [14th Dist.] 1994, no writ).

Therefore, I conclude that in reviewing a summary judgment which purports to be final but disposes of parties or issues which were not addressed in the trial court, the appellate court must consider the merits of the issues and parties which were properly addressed, and then remand any reversed portion of the summary judgment, together with the unaddressed parties and issues, to the trial court. Since I do not believe that the entire judgment in the instant appeal can be reversed and remanded without considering the merits of the issues and parties properly addressed in the trial court, I disagree with the majority's opinion.

In the instant appeal, it was not proper for the trial court to dispose of the claims

---

1. In general, Mother Hubbard clauses recite that "all relief not expressly granted is herein de-

nied." *Mafrige,* 866 S.W.2d at 590 n. 1.

against Longoria or the Rodriguezes; therefore, I concur with the majority in reversing and remanding the judgment as to Longoria and the Rodriguezes. However, in order to determine the proper disposition of the judgment as to Perez, I find it necessary to briefly address the contentions made by appellant regarding the merits of the judgment granted in Perez's favor.

The first ground asserted in appellee's motion for summary judgment was that appellant's claims were barred by res judicata. In order to prevail on a motion for summary judgment asserting the defense of res judicata, the movant must produce summary judgment evidence establishing the applicability of the doctrine. See Walker v. Sharpe, 807 S.W.2d 442, 447 (Tex.App.—Corpus Christi 1991, no writ); Boswell v. Handley, 397 S.W.2d 213, 216 (Tex.1965). Res judicata bars litigation of a claim that has been finally adjudicated, "as well as matters that, with the use of diligence, should have been litigated in the prior suit." Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex.1992).

In his brief, Perez asserts that the property he disposed of would have been divided in the Final Decree of Divorce if he had not disposed of the property prior to the filing of the divorce petition. Perez then argues that appellant was required to assert any claim in the disposed property in the divorce action. However, this ignores that appellant's suit is not an attack on the divorce decree or the issues resolved therein, but is a suit for fraudulent transfer of property occurring prior to the divorce decree and for partition of that property. The fraudulent transfer action and the divorce would not necessarily form a "convenient trial unit," nor would separate proceedings require "significant duplication of effort of the court and the parties involved." Barr, 837 S.W.2d at 631; see also Moreno v. Alejandro, 775 S.W.2d 735, 739 (Tex.App.—San Antonio 1989, writ denied) (res judicata does not bar post-divorce partition of asset not divided by divorce decree). This is particularly true given the additional parties which would be necessary to the fraudulent transfer action. Therefore, given the independent nature of these claims, I would conclude that they are not barred by res judicata.

The second ground asserted in Perez's motion for summary judgment is that appellant's prior knowledge of the property transfer in question negated her fraud claim. However, appellant's claim is for fraudulent transfer, which is a separate action from fraud. Nobles v. Marcus, 533 S.W.2d 923, 925 (Tex.1976). By mischaracterizing appellant's claim, Perez failed to address appellant's claim for fraudulent transfer. Therefore, summary judgment was not properly granted.

Having reviewed the merits of the summary judgment granted in Perez's favor, I would conclude that the summary judgment was improper. Therefore, I concur in the reversal of the judgment and remand of the entire case.