La **HACIENDA SAVINGS ASSOCIATION f/k/a La Hacienda Savings and Loan Association, Appellant,**

v.

**HOUSTON–GULF INVESTMENT CORPORATION, I, Appellee.**

No. 04–87–00664–CV.

Court of Appeals of Texas, San Antonio.

Oct. 26, 1988.

R. Michael Casseb, James L. Drought, Calhoun Bobbitt, Brite, Drought, Bobbitt & Halter, San Antonio, for appellant.

Brynley James, III, W. Wendell Hall, Fulbright & Jaworski, San Antonio, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a "partial" summary judgment in favor of Houston–Gulf Investment Corporation, I. The partial summary judgment was severed for purpose of finality.

La Hacienda Savings Association sued Houston–Gulf, Ammex Leasing Corporation, and others to recover a 1981 Mitsubishi Marquise MU2B–60 aircraft and damages. Houston–Gulf along with other defendants answered and counterclaimed for damages, alleging breach of contract, fraud, tortious interference, and for declaratory judgment of title to the aircraft in Houston–Gulf.

Houston–Gulf then filed its motion for summary judgment, based on the declaratory judgment counterclaim, that, as a matter of law, title to the aircraft is in Houston–Gulf, free of any right or interest claimed by La Hacienda. Houston–Gulf's summary judgment evidence consists of facts set out in the written motion and attached documents. It relies upon its status as "a buyer in ordinary course of business" pursuant to TEX.BUS. & COM. CODE ANN. § 1.201(9) (Vernon Supp. 1988), together with TEX.BUS. & COM. CODE ANN. § 9.307(a) (Vernon Supp.1988) which specifies that "a buyer in ordinary course of business ... takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence." It also states on appeal it is a bona fide purchaser in good faith.

Attached to the motion is the affidavit of an agent of Houston–Gulf along with certain documents purporting to show that the corporation purchased the aircraft from Ammex Leasing Corporation and that Ammex had repossessed the aircraft from its lessee, La Hacienda. One of the attached documents is a "purchase-lease" agreement between La Hacienda and Ammex, signed by that company's president, wherein it appears that La Hacienda would make payments each month to Ammex beginning in late 1985 until 1995 under the purchase-lease agreement.

La Hacienda's response presented controverting evidence that the initial agreement between it and Ammex was actually a loan in favor of Ammex, whereby La Hacienda made monthly "payments" to itself, extinguishing the loan and purchasing the aircraft through the purchase-lease agreement. The controverting evidence showed an assignment and security interest belonging to La Hacienda. Further it showed that the "default" made the basis of repossession of the aircraft was the result of "late" computer transferred payments from La Hacienda to itself (crediting Ammex's account), and that the purported repossession certificate was drawn after the aircraft sale by Ammex to Houston–Gulf.

█ The response alleges that Houston–Gulf first dealt with La Hacienda, and not Ammex, in attempting to purchase the aircraft and had knowledge of its leasehold and security interest. We agree the attached excerpts from depositions present conflicts and cast some doubt on Houston–Gulf's argument that it is a bona fide purchaser in good faith. We find the response thus discloses a material fact question concerning La Hacienda's real interest in the aircraft.

TEX.R.CIV.P. 166a(c) provides that the motion for summary judgment shall state the specific grounds therefor. Further, "[t]he judgment sought shall be rendered forthwith ... and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response." *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979). Thus, both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing. *Id.* To permit "issues" to be presented orally would encourage parties to request that a court reporter record summary judgment hearings, a practice neither necessary nor appropriate to the purposes of such a hearing. *Id.* The Supreme Court also ruled that if the parties at the summary judgment proceeding desire to narrow or expand the issues beyond

those expressly presented in the written motion or response, they must follow the requirements of TEX.R.CIV.P. 11, which governs stipulations. *Id.*

█ In the present case it is clear that Houston–Gulf was not an ordinary buyer protected by the relevant provisions of the Texas Business and Commerce Code, *supra. See* TEX.BUS. & COM.CODE ANN. § 9.307, Official U.C.C. comment (Vernon 1968). Ammex did not qualify at the time of the transaction as one in the business of selling goods of that kind. Section 1.201, *supra.* That was the only basis "expressly presented" to the trial court in the motion. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 677; TEX.R.CIV. P. 166a(c). Houston–Gulf failed to prove these elements as a matter of law.

The order granting partial summary judgment states that:

> After reviewing the pleadings on file with the Court and hearing argument of counsel, the Court is of the opinion that the Motion for Partial Summary Judgment should be granted.

The trial court then adjudges that Houston–Gulf owns the aircraft free and clear of any claim, security interest, lien, right, title or other interest of La Hacienda.

Houston–Gulf argues on appeal that it was a bona fide purchaser in good faith. It is clear both parties argued this point orally to the trial court. We must examine the summary judgment pleadings and evidence to determine whether that issue was before the trial court in the required manner.

█ Although not raised in the motion for summary judgment, the response to the motion does raise the issue of bona fide purchaser in good faith. The issue was therefore one to be considered by the trial court. Houston–Gulf argues that the judgment could be supported by that theory, while La Hacienda properly challenges this theory on appeal. The trial court granted the motion for summary judgment based on either "buyer in ordinary course" or "bona fide purchaser." La Hacienda's point of error is that the trial court erred in granting partial summary judgment in fa-

vor of [Houston–Gulf] because it failed to establish either theory. This is the procedure advocated by the Supreme Court when the summary judgment is silent regarding the theory upon which the judgment rests. In *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970), a suggested point of error is simply that "[t]he trial court erred in granting the motion for summary judgment," which is sufficient to allow argument as to all the possible grounds upon which summary judgment should have been denied.

To obtain a summary judgment, each element of a claim or defense must be conclusively proved. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678. A summary judgment movant may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563, 564 (Tex.1983). The movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively establishing all essential elements of his cause of action or defense as a matter of law. *Id.* The issues required by this rule to be "expressly presented" are those pointed out to the trial court in written motions, written answers or written responses to the motion. *City of Houston, supra,* at 676, 677. Here, the movant's summary judgment motion alleged that it was a "buyer in the ordinary course of business" pursuant to § 9.307, *supra.*

The Texas Business and Commerce Code provides the following definition of "buyer in ordinary course of business":

> Buyer in ordinary course of business means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind ...

TEX.BUS. & COM.CODE ANN. § 1.201(9) (Vernon Supp.1988). We hold Houston–Gulf failed to prove the required elements conclusively, as a matter of law.

"The general rule is that if a motion involves the credibility of affiants or deponents, or the weight of the showings or, it is said, a mere ground of inference, the motion will not be granted." (citations omitted) *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952). The question on appeal is whether the summary judgment proof established as a matter of law there is no genuine issue of fact. We agree that the deposition testimony and documents attached to the response preclude summary judgment because there exists a material issue of fact whether Houston–Gulf, through its agent-buyers, had knowledge of La Hacienda's real interest in the aircraft.

It is not disputed that a bona fide purchaser is one who buys property in good faith for valuable consideration and without knowledge, actual or imputed, of outstanding claims in a third party or parties. *See Carter v. Converse,* 550 S.W.2d 322, 329 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). We hold there exists the material fact issue of Houston–Gulf's knowledge of the outstanding claim of La Hacienda in the aircraft. Houston–Gulf, therefore, failed to prove conclusively, as a matter of law, that it was a bona fide purchaser.

Because the summary judgment must necessarily have been based on one of the two theories presented, the trial court erred in granting the partial summary judgment. The point of error is sustained.

The judgment is reversed and the cause as to title of the subject aircraft is reversed and remanded for trial.