Kay BOYD, Appellant,

v.

AMERICAN BANK OF COMMERCE AT WOLFFORTH, Appellee.

No. 07–93–0289–CV.

Court of Appeals of Texas, Amarillo.

Feb. 28, 1994.

Rehearing Overruled April 5, 1994.

---

**30**

Donald E. Cummings, Lubbock, for appellant.

Carr, Fouts, Hunt, Craig, Terrill & Wolfe LLP, Donald M. Hunt and Gary M. Bellair, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

Aggrieved by a take-nothing summary judgment rendered in her action against American Bank of Commerce at Wolfforth, Kay Boyd contends, with two points of error, that the bank did not establish its right to summary judgment. Agreeing, we will reverse and remand.

In July 1991, Boyd executed two notes payable to the bank for a total of $2,415.17, the payments of which were secured by her checking account at the bank and her car. Both notes were due and payable upon demand, but if no demand was made, then they were due on 6 January 1992.

The notes were identical in their provisions and, as material to this appeal, provided that:

DEFAULT—I [BOYD] will be in default on this note and any agreement securing this note if any one or more of the following occurs:

(a) I fail to perform any obligation which I have undertaken in this note or any agreement securing this note, or

(b) you [the bank], in good faith, believe that the prospect of payment or the prospect of my performance of any other of my obligations under this note or any agreement securing this note is impaired.

If any of us are in default on this note or any security agreement, you may exercise your remedies against any or all of us.

REMEDIES—If I am in default on the note or any agreement securing this note, you have the following remedies:

(a) You may, without notice, but subject to any rebate required by law, make all unpaid principal, earned interest and all other agreed charges immediately payable.

(b) You may, without prior demand or notice, exercise your right of set-off....

\* \* \* \* \* \*

SET-OFF—I agree that you may set-off any amount I owe you under this note (less any rebate required by law) against any right I have to receive money from you. This includes any deposit account balance I have with you....

\* \* \* \* \* \*

You will not be liable for the dishonor of any checks when the dishonor occurs because you set-off this debt against any of my accounts. I agree to hold you harmless from any claims arising as a result of your exercise of your right of set-off.

\* \* \* \* \* \*

WAIVER—I waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor, notice of protest, notice of intent to accelerate and notice of acceleration.

In making the first loan, the bank understood that the debt would be paid with funds Boyd expected to receive from the pending sale of a house in which she had an interest.

On 27 September 1991, Boyd deposited $4,088 into her checking account with the bank. Soon thereafter, Royce Wittie, senior

loan officer with the bank, had a conversation with Boyd that lead him to believe she would pay off the notes by the end of the week. When she did not do so, Wittie attempted to contact her at her place of employment, only to discover she quit her job.

On 6 October 1991, Boyd communicated to Wittie she would "come in the next day and take care of the notes and overdrafts." [1] When she failed to do so on October 7th, the bank offset her checking account in the amount of $2,339.35 in full payment of the notes, causing Boyd's account to be insufficient to pay her outstanding checks.

Contending the bank's offset was wrongful, the ensuing dishonor of her outstanding checks was wrongful, and the bank's actions violated the Texas Deceptive Trade Practices Act,[2] Boyd filed the lawsuit underlying this appeal. After answering with a general denial of Boyd's allegations, the bank moved for summary judgment.

The bank asserted its entitlement "to summary judgment as a matter of law for several reasons, all based upon the clear and unequivocal waivers found in the notes." In explanation, the bank, reciting the waiver of demand provision in the notes, reasoned that "the notes became due regardless of final maturity date on October 7, 1991, when [the bank] offset the account and (sic) even if there is a disagreement that formal demand was not made." Further, the bank, reciting the setoff provisions, expressed that "because the only issues raised by [Boyd's] pleadings are predicated on recovery based upon wrongful setoff or wrongful dishonor[,] [Boyd] clearly and unequivocally waived her right to sue [the bank] for either wrongful setoff or wrongful dishonor and agreed to hold [the bank] harmless from any claims arising out of the right of setoff."

Without specifying the grounds for doing so, the trial court granted the bank's motion for summary judgment, and rendered judgment that Boyd take nothing by her action. Appealing, Boyd contends the trial court dis-

regarded applicable law, and the bank did not establish its right to summary judgment.

■ To merit the summary judgment rendered, the bank was required to conclusively establish that Boyd waived her right to maintain her lawsuit, the issue it expressly presented to the trial court. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). The summary judgment may not rest upon another issue or ground not expressly presented to the trial court. *Id.; Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983).

■ In construing the promissory notes, our primary objective is to ascertain and give effect to the true intention of the parties. To this end, we must examine the entire writing, seeking as best we can to harmonize and give effect to all the provisions in the notes so that none will be rendered meaningless. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 157–58 (1951).

■ There is no allegation that the provisions of the notes are ambiguous. When the writing is unambiguous, effect will be given to the objective intention of the parties expressed within the writing. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex.1968).

■ By application of these principles, the promissory notes provided that the remedies available, including the right of setoff, were invoked only if there was a default. Default only occurred if (1) Boyd became "in default on the note or any agreement securing th[e] note," or (2) the bank felt "in good faith, ... that the prospect of payment ... [was] impaired." In other words, the bank could not exercise its right of setoff unless the debt had matured or the customer was insolvent. *Bandy v. First State Bank*, 835 S.W.2d 609, 610 (Tex.1992).

■ However, the bank's motion for summary judgment was not grounded upon a default by Boyd, which would invoke the bank's right of setoff before the notes otherwise matured on 6 January 1992. The bank

---

1. There was mention in Wittie's affidavit that prior to the $4,088 deposit, Boyd had overdrafted her account by $957.51.

2. Tex.Bus. & Comm.Code Ann. § 17.41 *et seq.* (Vernon 1987 & Supp.1994).

did not move for summary judgment on the ground that Boyd had defaulted by not paying the notes after they matured by a demand for payment, or that the bank felt that the prospect of payment was impaired.

Instead, the bank relied upon Boyd's waivers of demand as a predicate to the offset and of the bank's liability for the offset. Yet, the provisions in the notes clearly manifest the intention that Boyd's default must occur before the bank was authorized to offset her account without a demand for payment of the notes. *Cf. Sylvester v. Watkins*, 538 S.W.2d 827, 828 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.) (a default under the provisions of a note, which provides for the waiver of demand for payment, permits the entire indebtedness to be declared immediately due and payable). Thus, Boyd's waiver of demand did not negate the necessity of default as a condition precedent to the invocation of the bank's right of offset without a demand for payment. Absent a default by Boyd, the bank had no authority under the provisions in the notes to offset her account. And without an authorized offset, Boyd's waiver of the bank's liability for the offset is of no moment at this stage of the proceedings.

We have not overlooked the bank's appellate argument that its contractual remedies were exercised because the notes matured when it believed the prospect of payment was impaired. As earlier noticed, the bank did not move for summary judgment on this ground of default; consequently, it could not be granted judgment on a ground not addressed in its motion for summary judgment. *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d at 564.

It follows that the bank was not entitled to the summary judgment rendered on the issue expressly presented to the trial court in its motion for summary judgment. Boyd's two points of error are sustained.

The summary judgment is reversed and the cause is remanded to the trial court.