**Martha Anderson Geller and Michael L. GELLER, Appellants,**

v.

**Perman Hutson PAGE, Appellee.**

No. 2–95–240–CV.

Court of Appeals of Texas,
Fort Worth.

July 18, 1996.

Rehearing Overruled Aug. 29, 1996.

Richard D. Hayes, Tom Dirickson, Hayes, Coffey & Berry, P.C., Denton, for appellants.

Richard H. Kelsey, John E. Kelsey, Kelsey & Kelsey, P.C., Denton, for appellee.

Before LIVINGSTON, BRIGHAM and HOLMAN, JJ.

## OPINION

BRIGHAM, Justice.

Appellants Martha Anderson Geller and Michael L. Geller bring twelve points of error challenging a summary judgment granted for Perman Hutson Page in a lawsuit stemming from the sale of land from Page to Martha. Because we find the trial court erroneously granted summary judgment on a cause of action that was not addressed in Page's motion for summary judgment, we reverse the summary judgment and remand the case to the trial court.

Page contracted to sell to Martha a tract of land in early 1983. The transaction closed on April 28, 1983, at which time Martha received a deed and gave a deed of trust. Both of the documents describing the 1.966 acre property included "a 60–foot easement...." The closing documents reflected a survey, a plat containing an identification of the land, and a second survey. All of these plats were part of the closing documents when Martha received her deed and signed the deed of trust.

Martha contends that she made it clear to Page that the property she sought to purchase had to have fences because she planned to pasture a horse on the land. She maintains that she told Page she would not purchase the property unless it had fences, and that when she noted survey flags along the northwest fence line, Page told her that the fence line was the boundary line. Martha alleges that she relied upon these representations when closing on the purchase of the property.

In August 1991, the Gellers attempted to replace the fences and were notified by Charlene Sarten that she owned the easement extending sixty feet to the east of the purported boundary line. The Gellers contacted Page, who continued to represent that he owned the property to the fence line. The Gellers challenged Sarten's claim to the property, but in July 1994, Sarten obtained a judgment against the Gellers.

The Gellers sued Page, alleging common-law fraud, breach of warranty, fraud in a real estate transaction, deceptive trade practices, breach of contract, negligent misrepresentation, and breach of an oral contract. Page filed a motion for summary judgment. On July 11, 1995, the trial court signed a final judgment based upon Page's motion.

In their eighth point of error, the Gellers' complain that the trial court erroneously

granted summary judgment because Page's motion did not address all of the causes of action in the Gellers' second amended petition, the live pleading at the time judgment was granted.[1] In response, Page responds that the "count for breach of contract is the same count as breach of warranty." However, in reciting the Gellers' claims in his motion for summary judgment, Page fails to include the Gellers' claim for breach of an oral contract, fails to move for summary judgment on that claim, and fails to provide any summary judgment proof on that cause of action.

It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. In *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979), we wrote, "The movant ... must establish his entitlement to a summary judgment on the issues *expressly presented* to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law."

*Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983); *see also City of Arlington v. City of Fort Worth*, 844 S.W.2d 875, 877 (Tex.App.—Fort Worth 1992, writ denied). The supreme court recently confirmed "that granting a motion for summary judgment on causes of action not addressed in the motion is reversible error." *Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993).

Before the supreme court's decision in *Mafrige*, when a trial court rendered summary judgment when the record reveals that one or more causes of action were not addressed in the movant's motion for summary judgment, the court of appeals would either dismiss the appeal for want of jurisdiction or reverse the summary judgment and remand the case for a determination of the untried issues. *See e.g., Rodriguez v. Gill*, 849 S.W.2d 442, 444 (Tex.App.—San Antonio 1993, no writ).

In *Mafrige*, however, the court held that when a summary judgment order "grants more relief than requested, it should be reversed and remanded, but not dismissed." *Mafrige*, 866 S.W.2d at 592.

Here, Page's motion for summary judgment did not address the Gellers' breach of oral contract claim. Regardless whether the breach of oral contract claim is the same as that for breach of warranty, Page did not seek relief on, and therefore should not have received judgment on, a cause of action alleged in the Gellers' second amended petition. Accordingly, as *Mafrige* directs, we sustain the Gellers' eighth point of error, reverse the judgment, and remand the case to the trial court.

---

1. Summary judgment is appropriate "if ... the pleadings ... on file at the time of the hearing ... show that ... there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion...." TEX. R. CIV. P. 166a(c).