Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-09-00598-CV

Amy **KIM** and Coochie, L.L.C.,
Appellants

v.

**MARBACH PARTNERS, L.P.**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-18726
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice

Delivered and Filed:   September 22, 2010

AFFIRMED

This is an appeal from an order granting Marbach Partners, L.P.'s summary judgment against Amy Kim and Coochie, L.L.C.'s counterclaims. In their appeal, Kim and Coochie (collectively "Kim") contend that the summary judgment was erroneously granted as to causes of action that were not addressed in the motion for summary judgment and that genuine issues of material fact existed precluding summary judgment. We affirm the trial court's judgment.

**BACKGROUND**

Kim was sued by Marbach for breach of contract arising out of an attempt by Kim to purchase an apartment complex from Marbach. In response to the lawsuit, Kim filed an answer and counter-claim. And, in her amended counterclaim, Kim sued Marbach for breach of contract, intentional misrepresentations, and intentional concealment of material facts; she also requested monetary damages and specific performance. Marbach filed an answer to the counterclaim, claiming the affirmative defenses of release, waiver, contributory negligence, and fraud.

Marbach then filed a traditional and no-evidence motion for summary judgment as to Kim's counterclaims. In its motion, Marbach alleged (1) there had been a prior lawsuit between Kim and Marbach that involved the same property and the same contract and (2) the prior lawsuit had resulted in Kim and Marbach entering into a Settlement Agreement and Release. According to Marbach, Kim fully released and discharged Marbach from all counterclaims she was asserting in the instant lawsuit.

In addition to claiming the affirmative defense of release in its motion for summary judgment, Marbach alleged that Kim had no evidence of at least one essential element of each counterclaim alleged. Marbach listed those counterclaims, as pled by Kim in her amended counterclaim – breach of contract, fraud/misrepresentation, and concealment. With regard to breach of contract, Marbach alleged that Kim could produce no evidence that Marbach failed to perform any obligation created by the contract or that Kim performed or was ready to perform her own obligations under the contract. As to the misrepresentation claim, Marbach alleged that Kim could produce no evidence that Marbach made any representations upon which she justifiably relied or that caused any damage to Kim. As to the concealment allegation, Marbach

alleged that Kim had no evidence that Marbach had a legal duty to make any disclosure that it did not make.

In the motion for summary judgment, Marbach included lengthy factual recitations and legal arguments regarding Kim's inability to prove each of the three causes of action alleged. Additionally, Marbach attached affidavits and documents in support of its motion for summary judgment.

The motion for summary judgment was set for a hearing on November 27, 2007; however, on that same date and before the motion could be heard, Kim removed the case to federal court. Kim had apparently filed an untimely response to the motion for summary judgment at that point. On February 25, 2008, after the case was remanded from federal court back to state court, Kim filed a second amended counterclaim, adding a cause of action under the Deceptive Trade Practices Act. Marbach did not, however, amend its motion for summary judgment to address the Deceptive Trade Practices Act claim. Also on February 25, 2008, Kim filed a response to Marbach's motion for summary judgment. Marbach then filed a motion for sanctions against Kim, alleging that Kim removed the case to federal court in order to avoid the summary judgment hearing, with the knowledge that she had no timely response to the motion on file. Marbach further alleged that Kim had made misrepresentations to the court and counsel with regard to the hearing so that removal could be accomplished. Marbach's motion for sanctions was granted. The court specifically ruled that, because of Kim's and her attorney's wrongdoing, "Marbach's Motion for Summary Judgment [would] be heard in exactly the same procedural and substantive posture in which it existed at the moment on November 27, 2007, before the matter was improperly removed to federal court by Defendants." The court further noted it was not addressing whether the response to the motion for summary judgment Kim had

filed before removal to federal court was timely and, therefore, could be considered, but noted "no later-filed response or affidavits filed by [Kim] may be considered in determining the merits of [Marbach's] Motion for Summary Judgment." Marbach then filed objections to Kim's summary judgment evidence that had been untimely filed prior to removal to federal court. The trial court ruled that Kim's response filed prior to removal to federal court had been untimely filed and that "[a]*ny* evidence [Kim] may now attempt to offer to oppose [Marbach's] motion for summary judgment, whatever form it takes, is untimely." (emphasis in original). Thus, when the motion for summary judgment was heard on May 8, 2008, the trial court had before it Marbach's traditional and no-evidence motion for summary judgment, along with affidavits and documents in support thereof. The trial court had no response or summary judgment evidence on behalf of Kim before it.

Although a record was not required to be made of the summary judgment hearing, the parties have nevertheless provided one. During the hearing, the trial court reiterated that "no later-filed response or affidavits filed by [Kim] may be considered in determining the merits of [Marbach's] motion for summary judgment. So Ordered." Also during the hearing, it is apparent that the trial court had before it the Settlement Agreement and Release, which, according to Marbach's motion for summary judgment, entitled it to summary judgment on all of Kim's claims. Both attorneys and the court referred to the Settlement Agreement and Release; however, toward the end of the hearing, the trial court stated that it had returned the settlement agreement to Marbach's attorney and did not have a copy of it. [1] The trial court then took the motion under

---

[1] This Settlement Agreement and Release does not appear in the record. Although Marbach apparently intended to attach the Settlement Agreement and Release to the motion for summary judgment, it was omitted. And, realizing the Settlement Agreement and Release had been omitted, the record shows that Marbach filed a motion to supplement the summary judgment evidence, which was granted by the trial court. Despite the trial court's granting of this motion, the Settlement Agreement and Release does not appear in the record. We do have, however, a portion of the release language contained within the body of Marbach's motion for summary judgment and as an attachment to an affidavit.

advisement and signed the following orders later that day: (1) granting Marbach's motion for summary judgment; (2) precluding Kim from offering any evidence to oppose Marbach's motion for summary judgment; and (3) granting leave for Marbach to supplement the summary judgment evidence with the Settlement Agreement and Release.

After the trial court granted summary judgment as to Kim's counterclaims, Marbach non-suited its own claims against Kim; thus, the summary judgment became final and appealable.

## DISCUSSION

To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of a summary judgment, we must indulge every reasonable inference and resolve any doubts in favor of the respondent. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549. In addition, we must assume all evidence favorable to the respondent is true. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548-49. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant has established a right to summary judgment, the burden shifts to the respondent to present evidence that would raise a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Under Rule 166a(i), a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial

court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *Id.* The respondent is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt-1997. In reviewing a trial court's order granting a no-evidence summary judgment, we consider the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* at 751; *see* TEX. R. CIV. P. 166a(i). In determining if the respondent has brought forth more than a scintilla of evidence, we consider whether the evidence would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

Kim raises three issues on appeal. The first and third issues are similar; therefore, we will consider them together. In her first issue, Kim argues that summary judgment was granted on a cause of action not addressed in the summary judgment proceeding. In her third issue, Kim argues that the summary judgment motion was not broad enough to encompass the new causes of action pled by Kim in her second amended counterclaim. We note that the only cause of action Kim added in her second amended counterclaim that was filed after Marbach filed its motion for summary judgment was a Deceptive Trade Practices Act claim. Thus, we must determine whether the trial court's granting of Marbach's motion for summary judgment included Kim's Deceptive Trade Practices Act claim.

Kim relies on the general proposition that "[a] party may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding." *Espeche v.*

*Ritzell*, 123 S.W.3d 657, 663 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983)). When a party files an amended pleading after a motion for summary judgment has been filed, the movant must amend or supplement the motion for summary judgment to address the additional claims. *Id.* at 663-64. However, if a motion for summary judgment is sufficiently broad to encompass later filed claims, the movant is not required to amend the motion. *See Wilson v. Korthauer*, 21 S.W.3d 573, 579 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). But, when a party amends and asserts a new cause of action based on facts not alleged in the original petition, the court cannot grant the summary judgment on the new cause of action on the ground that the motion for summary judgment contemplated and embraced the additional claim in the amended petition. *DeWoody v. Rippley*, 951 S.W.2d 935, 942 (Tex. App.—Fort Worth 1997, writ dism'd by agr.).

In *Vogel v. Travelers Indemnity Co.*, 966 S.W.2d 748, 755 (Tex. App.—San Antonio 1998, no pet.), this court held that reversal of a summary judgment for consideration of claims that are precluded as a matter of law would be meaningless, even though those claims were added after the motion for summary judgment has been filed. In *Vogel*, Vogel sued Travelers Indemnity Co. for various claims relating to (1) Travelers's refusal to renew and extend certain indebtedness and (2) its foreclosure of the real property securing the payment of that debt. Travelers filed a motion for summary judgment. *Id.* at 750-51. After the motion for summary judgment had been filed, Vogel amended her pleading to allege two new causes of action — breach of contract and restitution. *Id.* at 751. Travelers did not file an amended motion for summary judgment to address the newly-pled causes of action. *Id.* at 754-55. The trial court nevertheless granted summary judgment as to all causes of action. *Id.* at 751. Vogel argued on appeal that the trial court erred in disposing of claims that had not been addressed in the motion

for summary judgment. *Id.* at 754. This court noted that, in its motion for summary judgment, Travelers had argued and proved that Vogel had failed to satisfy the conditions to a loan extension as a matter of law, which precluded Vogel from entitlement to performance of a letter agreement by Travelers. *Id.* at 755. Thus, this court explained Travelers did not breach any contractual duty as a matter of law and, for the same reason, Vogel was not entitled to restitution as a matter of law. *Id.* Accordingly, this court held that, even though Travelers did not amend its motion for summary judgment to include the breach of contract and restitution claims, summary judgment as to those causes would nevertheless be affirmed because to reverse them, when they were precluded as a matter of law, would be meaningless. *Id.*

In the context of the case before us, we must consider whether Marbach's motion for summary judgment was broad enough to include Kim's later-filed cause of action under the Deceptive Trade Practices Act. In its motion for summary judgment, Marbach stated that the instant lawsuit was based on Kim's repeated failure to close on a real estate transaction that was the subject of a written contract, a copy of which was attached as summary judgment evidence. According to Marbach, this suit was the second of two suits concerning the same contract and the same real estate transaction, and also included counterclaims by Kim against Marbach. Further, according to Marbach, every counterclaim Kim alleged in the second suit was released and discharged through a written settlement agreement in the first suit. Specifically, Marbach alleged that "the most fundamental reason why [Marbach] is entitled to summary judgment on each of [Kim's] counterclaims is that [Kim], *in the Prior Lawsuit*, has already released [Marbach] from each of the claims [Kim] now seek[s] to advance as counterclaims." As stated above, although the Release and Settlement Agreement does not appear in the record, the pertinent language of the Release and Settlement Agreement appears in the motion and in the

affidavit of David Starr, President of Felix Realty, LLC, the General Partner of Marbach Partners, L.P. In his affidavit, Starr not only sets forth facts relating to the contract and the real estate transaction with Kim, but he also references the first lawsuit between Marbach and Kim:

> Kim resolved the Prior Lawsuit with Marbach by entering into a "Settlement Agreement & Release" in which Kim agreed to the following (among other things):
>
> "In exchange for the mutual promises, covenants and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Kim, for herself and … all persons, acting by, through, under or in concert … does hereby forever remise, give up, quitclaims, settle, compromise, fully release and forever discharge Marbach Partners …, and Kim holds them harmless and releases them from any and all rights, demands, and pending claims, causes of action, suits, controversies … judgments, damages, and execution, at law or in equity, relating to the Apartments, the Contract, the Earnest Money and the Lawsuit. Kim agrees and acknowledges that she may have sustained damages … that are presently unknown and unsuspected and that any such damages … that she may have sustained might give rise to additional damages … in the future. Nevertheless, Kim acknowledges that she has been advised by her legal counsel and has negotiated and agreed upon this Settlement Agreement and hereby expressly waives any rights she may have or have had against Marbach Partners directly or indirectly, under any applicable statutes or common law principles in connection with the facts and circumstances alleged or that could have been alleged in the Apartments, the Contract, the Earnest Money and the Lawsuit."

Starr also attached several amendments to the Settlement Agreement and Release, each of which references the Release and Settlement Agreement between Marbach and Kim. The amendments essentially require Kim, in exchange for Marbach granting Kim extensions of time to purchase the property, to deposit additional earnest money and to put up a letter of credit as required by land use restrictions. And, because of the trial court's rulings prohibiting Kim from filing any response to Marbach's motion for summary judgment, Marbach's motion, attached affidavits, and documentary evidence all went unchallenged in the trial court.

It is the above-quoted Settlement Agreement and Release language, along with the amendments, that Marbach contends entitles it to summary judgment on all of Kim's causes of action, including the later-pled claim for Deceptive Trade Practices Act violations. We agree with Marbach that the release language – in which Kim released any claims relating to "the Apartments, the Contract, the Earnest Money and the Lawsuit" – not only covered the claims Kim had originally pled, but also covered the Deceptive Trade Practices Act claims. Kim's Deceptive Trade Practices Act claims relate to Marbach's alleged representations concerning the sale of the real estate that was the subject of the contract between Marbach and Kim. Thus, such claims were released in the first lawsuit and are, therefore, precluded as a matter of law. To reverse the summary judgment as to the DTPA claims for the reason that they were added after the motion for summary judgment was filed would be meaningless. *See Vogel*, 966 S.W.2d at 755. We, therefore, overrule Kim's first and third issues on appeal.

In her second issue on appeal, Kim argues the trial court erred in granting summary judgment on the breach of contract, fraud/misrepresentation, and concealment counterclaims because there are genuine issues of material fact precluding judgment as a matter of law.

First, for the same reason stated above regarding the Settlement Agreement and Release, the trial court did not err in granting summary judgment. Even if Marbach had not proven its entitlement to summary judgment because of its affirmative defense of release, it was nevertheless entitled to a no-evidence summary judgment. In its motion for summary judgment, Marbach listed the causes of action Kim had pled and stated the elements as to which there was no evidence. *See* TEX. R. CIV. P. 166a(i) (stating a no-evidence motion for summary judgment must state the elements as to which there is no evidence). Once Marbach filed its no-evidence motion for summary judgment, the burden then shifted to Kim to raise a genuine issue of

material fact. *See id.*; *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70-71 (Tex. App.—Austin 1998, no pet.). Because of the sanctions orders, Kim did not have a response or evidence on file for the trial court to consider. Thus, the trial court correctly granted Marbach's no-evidence motion for summary judgment. We overrule Kim's second issue on appeal.

CONCLUSION

The trial court did not err in granting summary judgment on all of Kim's counterclaims. Accordingly, we affirm the trial court's judgment.

Karen Angelini, Justice