**Dismissed and Majority and Dissenting Opinions filed February 28, 2020.**



In the

# Fourteenth Court of Appeals

### NO. 14-17-00379-CV

## ALEJANDRO L. PADUA AND THE PADUA LAW FIRM, P.L.L.C., Appellants

v.

## JASON A. GIBSON, P.C. D/B/A THE GIBSON LAW FIRM AND JASON A. GIBSON, Appellees

### On Appeal from the 129th District Court
### Harris County, Texas
### Trial Court Cause No. 2016-31672

## MAJORITY OPINION

This is a summary-judgment case (1) in which it is disputed on appeal whether the summary-judgment movants raised grounds for summary judgment on all claims and (2) there is no *Lehmann-Har-Con* finality language in the summary-judgment order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). We conclude that there is no final judgment and dismiss the appeal for want of jurisdiction.

Appellants Alejandro L. Padua and The Padua Law Firm, P.L.L.C. (Padua parties) filed a petition: (1) stating "claims" for (a) breach of fiduciary duty, (b) fraud and/or fraud by non-disclosure, (c) unjust enrichment, and (d) quantum meruit; (2) requesting an accounting; (3) pleading the discovery rule and fraudulent concealment as defenses to limitations; (4) requesting "damages" of (a) actual damages, (b) exemplary damages, (c) constructive trust, (d) profit disgorgement, and (e) equitable reformation; (5) demanding a jury; and (6) requesting disclosure. Appellees Jason A. Gibson, P.C. d/b/a The Gibson Law Firm and Jason A. Gibson (Gibson parties) moved for summary judgment, allegedly both on traditional and no-evidence grounds, in a combined motion and brief which raises the following grounds that the "claims" are barred under Texas law: (1) "there is no *consent* to share legal fees with Padua" (citing Texas Disciplinary Rule of Professional Conduct 1.04); (2) "Padua cannot plead around the requirements of Texas law by suing under alternate theories"; (3) "the rules specifically limit an attorney's claims to *quantum meruit* only, when consent is not obtained"; and (4) "Padua did not provide any services to support a *quantum meruit* recovery." The Gibson parties cited a single case for the summary-judgment standard, *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995), arguing under the traditional summary-judgment standard.

The trial court made the following order on February 21, 2017:

> The Court considered Defendants' Traditional and No Evidence Motion for Summary Judgment. After reviewing the pleadings, the evidence and arguments by counsel, if any, the Court *GRANTS* in part[1] Defendants' Traditional and No Evidence Motion for Summary Judgment.
>
> IT IS THEREFORE ORDERED that Plaintiffs Alejandro Padua and The Padua Law[]firm, PLLC take nothing on their claims against Defendants Jason A. Gibson P.C. and Jason A. Gibson for breach of

---

[1] Text added by the trial court is underlined.

fiduciary duty, fraud and fraud by non-disclosure, and unjust enrichment.

Defendant's Traditional and No Evidence Motion for Summary Judgment is DENIED as to Quantum Meruit.

Appellees moved to sever, and on April 13, 2017, the trial court ordered the following:

> On this day the Court considered Defendants Jason A. Gibson and The Gibson Law Firm's Motion for Severance and Plaintiffs' Response thereto. The Court, after considering the Motion and the Response, is of the opinion that said Motion has merit and thus should be in all things GRANTED. It is accordingly,
>
> ORDERED that Plaintiffs' claim for *quantum merit* is severed from Plaintiffs' dismissed claims for breach of fiduciary duty, fraud, fraud by non-disclosure and unjust enrichment. It is further,
>
> ORDERED that Plaintiffs' *quantum merit* claim shall be given a new cause number 2016-31672a and the Court's Order dated February 21, 2017 granting Defendants' traditional and no-evidence motion for summary judgment as to Plaintiffs' claims for breach of fiduciary duty, fraud, fraud by non-disclosure and unjust enrichment shall become final and appealable. It is further,
>
> ORDERED that the Clerk copy documents from Cause Number 2016-31672 and place them into the file for Plaintiffs' new severed cause as outlined on **Exhibit A** attached hereto. A copy of this Order shall also be copied and placed in Plaintiffs' new severed cause. It is further,
>
> ORDERED that the court reporter prepare a written transcript of the January 9, 2017 hearing on Defendants' Traditional and No-Evidence Motion for Summary Judgment. It is further,
>
> ORDERED, that Plaintiffs' *quantum merit* claim once transferred into a new cause number shall be abated until all appeals relating to the Court's February 21, 2017 Order partially granting Defendants' Traditional and No-Evidence Motion for Summary Judgment have been exhausted.

At oral submission, this court raised questions concerning finality. Both the

3

Padua and Gibson parties responded that the accounting claim was outstanding and requested an abatement pursuant to Texas Rule of Appellate Procedure 27.2. On June 7, 2018, we abated the appeal, identifying the accounting claim as the reason the summary judgment was interlocutory. Our order stated in part:

> This court may abate the appeal to permit the trial court to take action to make an interlocutory judgment final, for example by (1) signing an order severing a claim that the court previously had not adjudicated, or (2) signing an amended judgment in which the trial court actually disposes of a claim that the court previously had not adjudicated, or (3) signing an amended judgment in which the trial court states that "This judgment finally disposes of all parties and all claims and is appealable." *See* Tex. R. App. p. 27.2, 27.3; *Lehmann*, 39 S.W.3d at 206.

On July 12, 2018, the trial court ordered as follows:

> Came onto be heard, the Parties' Agreed Motion to Amend Severance Order. Previously, the Court considered Defendants Jason A. Gibson and The Gibson Law Firm's Motion for Severance and Plaintiffs' Response thereto. The Court, after considering the Motion and the Response, was of the opinion that said Motion had meruit [sic] and thus should be in all things GRANTED. Accordingly, the Court granted Defendants' Motion and signed a severance Order dated April 13, 2017. However, the Order failed to address Plaintiffs' claim for accounting. Thus, the Court agrees that the previous severance Order should be vacated and that the Court should add the Plaintiffs' accounting claim to the severed cause so that the Court's Order dated February 21, 2017 granting Defendants' traditional and no-evidence motion for summary judgment as to Plaintiffs' claims for breach of fiduciary duty, fraud, fraud by non-disclosure and unjust enrichment shall become final and appealable. Thus, the Court Grants the Parties' Agreed Motion to Amend Severance Order. Therefore, it is accordingly,
>
> ORDERED that Plaintiffs' claim for *quantum meruit* and claim for accounting is severed from Plaintiffs' dismissed claims for breach of fiduciary duty, fraud, fraud by nondisclosure and unjust enrichment. It is further,

ORDERED that Plaintiffs' *quantum meruit* claim and accounting claim shall be given a new cause number 2016-31672a and the Court's Order dated February 21, 2017 granting Defendants' traditional and no-evidence motion for summary judgment as to Plaintiffs' claims for breach of fiduciary duty, fraud, fraud by non-disclosure and unjust enrichment shall become final and appealable. It is further,

ORDERED that the Clerk copy documents from Cause Number 2016-31672 and place them into the file for Plaintiffs' new severed cause as outlined on **Exhibit A** attached hereto. A copy of this Order shall also be copied and placed in Plaintiffs' new severed cause. It is further,

ORDERED that the court reporter prepare a written transcript of the January 9, 2017 hearing on Defendants' Traditional and No-Evidence Motion for Summary Judgment. It is further,

ORDERED, that Plaintiffs' *quantum meruit* claim and claim for accounting once transferred into a new cause number shall be abated until all appeals relating to the Court's February 21, 2017 Order partially granting Defendants' Traditional and No-Evidence Motion for Summary Judgment have been exhausted.

The predicate question we must now answer is whether the July 12, 2018 order made the summary-judgment order final and appealable because there is still no *Lehmann-Har-Con* finality language in any of the orders. We conclude there is no final judgment. *See Lehmann*, 39 S.W.3d at 206.

*Lehmann*'s holding is clear: "We therefore hold that in cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192–93. So, do the partial summary-judgment order and severance order actually dispose of all claims and parties then before the trial court?

On appeal, the Padua parties argue in issue two that disgorgement and

5

imposition of a constructive trust, whether characterized as either "equitable remedies" or "equitable relief," were not the subject of a ground in the Gibson parties' motion for summary judgment. In seeking reversal of the summary judgment, the Padua parties reference their "claims for equitable remedies" and cite the Texas Supreme Court's discussion in *First United Pentecostal Church of Beaumont v. Parker* regarding equitable remedies as claims. 514 S.W.3d 214, 221–22 (Tex. 2017).

To dismiss an equitable remedy as a mere remedy that as a matter of law can never be a claim for relief would be folly on our part. Like the finality issue in *Lehmann*, a thoughtful and thorough discussion of how to characterize equity in the summary-judgment context demands an extensive survey of Texas jurisprudence. *Lehmann* does not require that of us in determining finality, and this is not the case for that undertaking. 39 S.W.3d at 206 (addressing action by appellate court when there is uncertainty as to finality). The Gibson parties have not presented that issue in the trial court.

The disgorgement and imposition of a constructive trust were not the subject of a ground in the Gibson parties' motion for summary judgment. It is fundamental summary-judgment practice that summary-judgment grounds must be expressly stated. Tex. R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.3d 337, 341 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Without a specific ground to provide notice, there is no argument on the merits regarding the nature of the pleaded equitable relief that can justify a final summary judgment.

It is axiomatic that a movant must establish entitlement to a summary judgment on the issues *expressly presented* to the trial court. *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983) (per curiam) (citing *Clear Creek Basin*

6

*Auth.*, 589 S.W.2d at 678). Because the April 13, 2017 severance order has no *Lehmann-Har-Con* finality language, the order did not dispose of the pleaded equitable relief, much less indicate that the issue was expressly presented to the trial court. The summary-judgment order remains interlocutory and not appealable. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995).

Having previously abated this case under Texas Rule of Appellate Procedure 27.2 with no success, we now dismiss this interlocutory appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

/s/ Charles A. Spain
Justice

Panel consists of Chief Justice Frost, and Justices Spain and Poissant. (Frost, C.J., dissenting).