

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00289-CV

**AL'S ELECTRIC, LLC AND**
**ALTON LABRECQUE,**

                                                                    **Appellants**

 **v.**

**DANIEL C. MCNEELY,**

                                                                    **Appellee**

**From the County Court at Law**
**Ellis County, Texas**
**Trial Court No. 15-C-3094**

## MEMORANDUM OPINION

Daniel C. McNeely sued Al's Electric, LLC and Alton Labrecque for breach of contract. Al's Electric and Labrecque answered separately, and only Al's Electric filed a counterclaim against McNeely for breach of contract and quantum meruit. McNeely filed a traditional motion for summary judgment against Al's Electric and Labrecque only on McNeely's claim, although acknowledging Al's Electric had filed a counterclaim. The trial court granted McNeely's motion but also "finally dispose[d] of all claims in this case." On appeal, Al's Electric and Labrecque complain about the trial court's summary

judgment order and the award of attorney's fees to McNeely.[1]  Because the trial court erred in disposing of Al's Electric's counterclaims and erred in granting summary judgment on McNeely's claim against Al's Electric but did not err in granting summary judgment on McNeely's claim against Labrecque, the trial court's judgment is affirmed in part and reversed and this case is remanded, in part, for further proceedings.

## BACKGROUND

As alleged in his original petition, McNeely hired "Defendant"[2] to provide electrical services for an airplane hangar and paid $9,000 for the work that had been done. McNeely alleged that all work had not been performed and that when failures were communicated, "Defendant" acted in an "extreme and outrageous way," refused to cure any defects, and continued to perform work "in breach of the Plaintiff's and the Contractor's expressed instructions."  McNeely alleged he had to hire another electrician to repair and finish the electrical work at an expense of $16,361.

## SUMMARY JUDGMENT

In four issues, Al's Electric and Labrecque contend the trial court erred in granting summary judgment because 1) the summary judgment evidence makes no mention of Al's Electric; 2) the motion sought summary judgment solely on McNeely's breach of

---

[1] Al's Electric and Labrecque filed a joint brief.  Issues One, Two, and Three relate only to Al's Electric, and Issue Four relates only to Labrecque.  Issues Five and Six, regarding attorney's fees, relate to Labrecque and Al's Electric, respectively.

[2] The petition specifically names Al's Electric as "Defendant."  Labrecque is named as a party but is not given the description "Defendant."  McNeely alleges he and "Defendant" entered into the contract and that "Defendant" failed to perform.

contract claim; 3) the order granted judgment against Al's Electric and Labrecque, jointly and severally; and 4) Labrecque raised a fact issue by stating the electrical work had been completed. We discuss the second issue, first.

### —Al's Electric's counterclaims

In the second issue, Al's Electric contends that the trial court erred in disposing of Al's Electric's counterclaims for breach of contract and quantum meruit when they were not the subject of McNeely's motion for summary judgment. We agree with Al's Electric.

It is well-recognized that a summary judgment movant may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding, and that granting a summary judgment on a claim not addressed in the summary judgment motion is reversible error. *G & H Towing Co.*, 347 S.W.3d at 297; *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990); *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex. 1983). McNeely moved for summary judgment on his breach of contract claim. While acknowledging Al's Electric filed a counterclaim, McNeely did not move for summary judgment on Al's Electric's claims. Because the trial court's Order Granting Plaintiff's Motion for Summary Judgment stated that it "finally dispose[d] of all claims in this case [,]" the order became final for purposes of appeal and erroneously disposed of Al's Electric's claims. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011). *See also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

Issue Two is sustained.

Now we must also determine whether the summary judgment was correctly granted as to McNeely's claim and move to those issues on appeal.

*—Standard of Review*

We review a trial court's decision to grant or deny a summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

If the movant meets its burden, the burden then shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

*—Insufficient Evidence of Al's Electric's Breach*

In Issue One, Al's Electric contends the trial court erred in granting summary judgment against Al's Electric because the summary judgment evidence is insufficient to

establish a breach of contract by Al's Electric.

McNeely's evidence in support of his motion for summary judgment consisted of his affidavit, an affidavit of his expert and contractor, and an affidavit from his attorney in support of a claim for attorney's fees. In his affidavit, McNeely only references Labrecque, not Al's Electric. For example, he alleged he contracted with Labrecque, he paid Labrecque, Labrecque breached the contract, and he had to fix Labrecque's work. Likewise, the expert's affidavit and attached report focuses only on Labrecque. The expert encountered and worked with Labrecque and reviewed Labrecque's work or the work of Labrecque's employee, Gary. The only time Al's Electric is even mentioned is in the expert's report, in which the expert states, "McNeely introduced me to Alton Labrecque, owner of Al's Electric." There was no summary judgment evidence that McNeely had a contract with Al's Electric or that Al's Electric breached the contract if there was one.

As the movant, McNeely was required to show that no genuine issue of material fact exists and conclusively establish his right to judgment as a matter of law. In our de novo review, and taking as true all evidence favorable to Al's Electric, McNeely did not satisfy his burden to establish his right to judgment as a matter of law against Al's Electric.

Issue One is sustained.

— *Joint and Several Liability*

In Issue Three, Al's Electric complains that the trial court erred in awarding judgment against both Al's Electric and Labrecque, jointly and severally. Joint and

several liability is appropriate in contract cases when two or more persons promise the same performance. *Bluestar Energy, Inc. v. Murphy*, 205 S.W.3d 96, 99 (Tex. App.—Eastland 2006, pet. denied); *see CTTI Priesmeyer, Inc. v. K & O Ltd. P'ship*, 164 S.W.3d 675, 684 (Tex. App.—Austin 2005, no pet.). Because we have held that McNeely did not satisfy his burden to establish his right to judgment as a matter of law against Al's Electric for breach of contract, the trial court erred in awarding judgment against Al's Electric, jointly and severally with Labrecque.

Issue Three is sustained.

—*Against Labrecque*

In Issue Four, Labrecque complains that summary judgment should not have been granted against him because he raised a genuine issue of material fact precluding summary judgment. Specifically, Labrecque contends that he raised a genuine issue of material fact in a motion to dismiss, signed by Labrecque and presented for filing six days after McNeely's motion for summary judgment was filed, by stating the electrical work was provided as required by the contract. The gist of the document in the record pointed to by Labrecque is a request to dismiss Labrecque from the suit because Al's Electric contracted with McNeely, and thus, Labrecque, as an individual, cannot be sued.[3] This document does not raise a genuine issue of material fact, one that reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment

---

[3] This document was not sworn to or verified as is necessary for it to be considered as summary judgment evidence in response to the motion for summary judgment or as a verified denial of Labrecque's liability in his individual capacity.

evidence, that the electrical work was provided as required by the contract.

Issue Four is overruled.

**ATTORNEY'S FEES**

In Issues Five and Six, Labrecque and Al's Electric, respectively, assert the trial court erred in granting attorney's fees because McNeely failed to segregate his fees and because this Court should reverse the judgment in favor of McNeely, the attorney's fees award must also be reversed.

Generally, a claimant must segregate legal fees accrued for those claims for which attorney's fees are recoverable from those that are not. *Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006). McNeely had only one claim, breach of contract, for which attorney's fees are recoverable. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). There was no need to segregate the fees.

Issue Five is overruled.[4]

Additionally, because we have found that the trial court erred in granting summary judgment against Al's Electric, no attorney's fees may be awarded against Al's Electric.

Issue Six is sustained.

**CONCLUSION**

Having sustained Issues One, Two, Three, and Six, we reverse the trial court's summary judgment and award of attorney's fees against Al's Electric on both McNeely's

---

[4] Moreover, all the evidence regarding attorney's fees was for the claim against Labrecque, not Al's Electric.

claim and on Al's Electric's counterclaim and remand this case for further proceedings.

Having overruled issues Four and Five, we affirm the trial court's summary judgment against Labrecque.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Reversed and remanded in part; affirmed in part
Opinion delivered and filed October 19, 2022
[CV06]

